## T. O'Flinn v. The State.

1. **Criminal Law.** *Selling liquor to minor. Knowledge of minority immaterial.*
   Under the act approved February 23, 1882 (Acts 1882, p. 10), a person selling liquor to a minor is guilty and punishable, whether he knows that the buyer is a minor or not.

2. **Sale of Liquors.** *Bond of seller; conditions thereof.*
   A bond of a licensed retailer, which is conditioned among other thing to observe and keep all the provisions of the revised code of 1880, must be construed to mean the code as it had been amended, and was in force at the time of the execution of the bond.

3. **Sale by Ostensible Agent.** *Bond prima facie liable.*
   It is *prima facie* evidence of a breach of the bond, if it be shown that the saloon was open, and a minor entered and bought intoxicating liquors from a person behind the counter, and transacting the business, and with an apparent right to sell.

4. **Presumption as to Agent's Authority How Met.**
   This presumption is not overcome by the testimony of the dealer, that only himself and clerk were authorized to sell, and of himself and the clerk,

that neither of them sold the liquor. The bond is in effect conditioned that the dealer will not violate the law, and will not suffer it violated in his business.

APPEAL from the circuit court of Clay county.

HON. LOCK E. HOUSTON, Judge.

This suit was brought in the circuit court of Clay county, by the state of Mississippi, upon the information of R. H. Payne, against T. O'Flinn and the sureties on his bond, as a licensed retailer in the city of West Point. The breach of the bond assigned is the sale of liquor by the defendant, O'Flinn, to a minor, the son of Payne. The bond, which was for the sum of two thousand dollars, was dated February 18, 1886, and was in the usual form, and was conditioned according to the code, sec. 1104. The declaration also contained a count alleging said sale by the employees and clerks of defendant, O'Flinn.

The defendants, in addition to the plea of general issue, filed a special plea setting up that " if the clerks and employees of the said O'Flinn sold spirituous liquors to said Frank Houston Payne, a minor, as in said declaration alleged, these defendants deny that the said sale was with the knowledge or consent of said O'Flinn, but aver that it was without his knowledge or consent, and against his consent and directions, and this they are ready to verify, etc." Plaintiff interposed a demurrer to this plea, which was sustained.

The evidence for the plaintiff showed that Frank Houston Payne, a minor, aged eighteen, went into the saloon owned and kept by O'Flinn, and bought a pint of whisky. The man who sold the whisky, and whom plaintiff's witness did not know, was standing behind the counter, and filled for the said minor a bottle from a barrel in the corner of the saloon, and delivered it to him. The boy paid him twenty-five cents for it.

The defendant, O'Flinn, testified that he and his son alone attended to the business of the saloon, and that he had no other clerk; that he had not sold any liquor to said minor, nor was any person authorized at that time to sell whisky for him, except his son; that he sometimes got an extra clerk for a day or two at a time when he

was busy,, but that the time at which this sale was alleged to have occurred was not a busy time with him, and it was, therefore, improbable that any one else sold the liquor to young Payne; that no whisky was sold to Payne with his knowledge or consent.

· The son of said defendant testified that he was clerk for his father; that he had not sold the whisky to Payne, and that his father had no other clerk at the time. The verdict and judgment were in favor of plaintiff for the penalty of the bond, and defendants appealed.

Among other errors assigned is the refusal of the court to instruct the jury that the bond sued on was conditioned not to violate any of the provisions of chap. 39 of the code of 1880, and that under the provisions of that chapter a person is not liable for selling whisky to a minor, unless it was knowingly done.

*Barry & Beckett* and *Fox & Roane*, for appellants.

The charges given for the plaintiff in effect tell the jury that if the minor bought any liquor in the house of T. O'Flinn, in which he had at the time any interest whatever, they would find for the plaintiff. This clearly raises a construction of the statute, as the evidence shows that the liquor was not sold by O'Flinn, or any clerk, agent, or employee of his. The charge referred to is subject to the criticism that it is uncertain whether it means that a recovery should be had if O'Flinn owned any interest in the liquor, or in the house. There is no pretence that the statute would make him liable if he only owned an interest in the house. Yet, the jury may have been misled. But if it be meant that he is liable if he owned any interest in the liquor, without any other element, we think it is clearly wrong.

The condition of the bond is, " that O'Flinn should not retail, or otherwise dispose of any liquor to a minor, and should observe all the requirements of the chapter 39 of the revised code of this state for the year 1880." The rule in regard to sureties is, that there is no implication against them. The implications are always resolved in their favor. They are entitled to stand on the very terms of the bond. *Field* v. *Rawlings*, 6 Ill. 583 ; *Leggett* v. *Humphries*, 21 How. 75 ; *Walsh* v. *Bailie*, 10 Johns. 182 ; *Manufacturers' Bank*

v. *Cole,* 39 Me. 188; *Stull* v. *Hance,* 62 Ill. 52; *Furlong* v. *The State,* 58 Miss. 717; *Johnston* v. *The State,* 63 Miss. 228.

The words " otherwise dispose of" in the bond and statute do not enlarge the statute, but are to be confined to and within the word retail. *Amos* v. *The State,* 73 Ala. 498.

It has been repeatedly held that a retailer is not liable for liquors sold by a stranger behind his counter, and without his knowledge or consent, and the rule is the same if it be sold by a menial, servant, or porter, or one not authorized to sell, or who acts beyond the scope of his employment. *Schafer* v. *The State,* 49 Ind. 460; *Anderson* v. *The State,* 39 Ind. 553; *Corporation* v. *Silverstein,* 36 La. Ann. 912; *George* v. *Gobey,* 128 Mass. 289.

Without a statute like ours, a retailer is not liable to indictment for liquor sold, even by his clerk or partner, without his knowledge or consent. *Cloud* v. *The State,* 36 Ark. 151; *Whitton* v. *The State,* 37 Miss. 379; *State* v. *Mahony,* 23 Minn. 181; *Thompson* v. *The State,* 45 Ind. 495; and in all the cases decided under statutes like ours, the sales were either by a partner or clerk. *Cloud* v. *The State, supra; Whitton* v. *The State, supra; Fahey* v. *The State,* 62 Miss. 402. These cases have never been extended beyond sales by a partner or clerk to sales by a mere stranger or person outside the scope of his employment.

But even if the retailer were liable to indictment for a sale of the liquor by a stranger, it does not follow that his sureties are civilly liable. They may stand back and say, " it is not so nominated in the bond." The recovery is for a breach of the bond. Code 1880, § 1104.

The bond is not to be extended beyond its terms. It does not embrace amendments to the code, but expressly refers to the code of 1880, and the charge announcing this rule should have been given.

*Beall & Pope,* for appellee.

The special plea filed by defendants raised all the questions now involved on this appeal, and as a demurrer was sustained to it, and defendants acquiesced in the judgment upon it, and neither on the motion for new trial nor here by assignment of error, complain of

the action of the court upon the demurrer, defendants cannot now be heard upon that question. If defendants would bring that matter before the court they must do so directly, by assigning that for error, and not indirectly by means of instructions, and get this court to review that judgment on the review of another judgment, to wit: the judgment overruling the motion for a new trial, when the motion did not assign as a cause the action of the court overruling the demurrer to the plea. There should be a logic, not only in pleadings, but also in procedure.

It is not denied that the whisky was bought by a minor, that it was bought in the day-time and from the open saloon of O'Flinn. It was bought from a man in the saloon, who, when applied to, was standing behind the counter, where those in charge are usually found. He was also the only man in the saloon except a stranger from the country. The seller seemed to understand the arrangement of things in the saloon. He got an empty flask, crossed to the side of the saloon and drew the whisky from a barrel, got a cork and fitted it, and then took the price, twenty-five cents.

This fully made out the case. There was no error of law committed. The law requires that the retailer shall not only not sell to a minor, but not suffer it to be sold in his business. Of course, the bond was conditioned to conform to the requirements of the law as it stood at the time of the execution of the bond, and therefore included all the provisions of the code and the amendments thereto.

The strict technical construction of bonds, like that of pleadings, is a thing of the long past, and the judgment is to be according to the very right of the parties. Code, §§ 1536, 1731.

Whatever O'Flinn did by his clerks or agents, he himself did, in contemplation of the statute, and if he had occasion to leave the saloon a short while and asked a hanger-on, or loafer, to watch until he returned, and in his absence such person sold liquor to a minor, O'Flinn was liable. He must see that no minor buys liquor in his saloon. That is the letter and spirit of the law. The civil liability will not be construed more strictly than the criminal.

It would have been competent for O'Flinn to have shown that the person selling the whisky was an intruder and trespasser

wrongfully in the saloon, but this he has not done.    *Fahey* v. *The State*, 62 Miss. 402.

COOPER, J., delivered the opinion of the court.

Section 1115 of the code of 1880 was amended by the act of February 23, 1882, by striking from that section the word " knowingly," so that by the code as amended it is an offense for one having license to retail or sell intoxicating liquor to a minor whether the seller does or does not know that the buyer is a minor.    The condition of the bond sued on is, *inter alia,* to " observe and keep all the provisions of the revised code of 1880," and this means the code as it had been amended and was in force at the time of the execution of the bond.    At the instance of the state the court instructed the jury that the plaintiff was entitled to a verdict if from the evidence the jury believed that O'Flinn, the principal in the bond, was interested in the liquor sold to the minor.    It is unnecessary in this case to decide whether, under all circumstances, the rule announced is correct, it is sufficient to say that on the uncontroverted facts of this case the plaintiff was entitled to a verdict, and that the court might have given a peremptory instruction to the jury so to find.

O'Flinn was a licensed retail dealer engaged in carrying on his business as such in the house in which he was licensed to deal.    The bar was open for the transaction of business, and Payne, a youth under eighteen years of age, went into the room and bought intoxicating liquor from a person standing behind the bar and transacting the business.    The defendants, to meet the case thus made by the plaintiff, introduced O'Flinn, the dealer, and his son, and showed by them that at the time of the sale, O'Flinn had no other clerk in his employment, and as he says no other person was then authorized by him to sell liquor, and further proved that neither O'Flinn nor his son sold the liquor.    Whether it be true or not that the mere ownership of the whisky sold was sufficient to show a breach of the bond, a breach was *prima facie* shown by the facts disclosed by the plaintiff and the case so made was not rebutted by anything shown by the defendant.

The business of retailing intoxicating liquors is considered by the legislature as one highly dangerous to society, and though the business is licensed, it is under restrictions, limitations, and penalties which are calculated to minimize the evil. Among other salutary requirements is one by which the dealer is placed under bond, conditioned in effect that he will not violate any of the provisions of the law in reference to retailing, and will not suffer or permit other things to be done. By the condition of the bond he must " keep a quiet, orderly, and peaceable house ;" " he must not retail or otherwise dispose of vinous or spirituous liquors to any Indian, minor, or intoxicated person ;" he must not " suffer or permit any riotous or disorderly conduct, or any drunkenness, or any unlawful gaming in or about the house or on the premises thereunto belonging," and must " in all things faithfully observe and keep all the provisions of this act." A licensed dealer is thus made, as it were, the guardian of the law as to the premises on which his business is transacted. Failing to act is in many respects as much a breach of the bond as unlawful action. We are not prepared to say that if an intruder were to slip on the premises and sell liquor to a minor without the knowledge of the keeper, it would be a breach of the bond. But if the dealer leaves his premises in the hands of a servant, leaving the doors open as an invitation to customers, or if he places other persons in charge, with apparent right to sell, but restricts them by private instructions, and the servant or other person does or permits an act, which if done by the dealer would be a breach of the bond, it is as much a breach as though done by him. The law cannot permit him to shield himself by abandoning control of the business that is still conducted in his name and under his license, to one not authorized to sell by him. The suggestion that some interloper might have stepped into the bar and sold the liquor to the minor is entirely too unsubstantial and improbable. If such was the fact, at least some evidence of it should have been introduced. In the absence of anything tending remotely to prove such fact, we are not disposed to consider what its effect would be if proved.

*The judgment is affirmed.*