State vs. Hartfiel.

===

## STATE vs. HARTFIEL.

*Statutory offense — not " willful," or with knowledge.*

The sale of intoxicating liquors to a minor is an offense under section 1, ch. 128, Laws of 1867, though the vendor does not know that the purchaser is a minor.

CERTIFIED from the Circuit Court for *Vernon* County. *Hartfiel* was indicted for selling spirituous liquors to one Pennell, a minor, in violation of chapter 36, Laws of 1866, and chapter 128, Laws of 1867. The evidence for the prosecution showed that he inquired of Pennell, before letting him have the liquor, whether he was of age, and received an answer in the affirmative, and also showed that Pennell was six feet and one inch in height. The jury were instructed that ignorance or mistake on the part of the accused, as to the fact that Pennell was a minor, was no defense. Verdict, guilty. The

judge thereupon certified the cause to this court, under the statute, for its opinion as to the correctness of said instruction.

*William F. Terhune*, for defendant, while admitting that ignorance or mistake of fact does not generally excuse a party for the violation of a prohibitory statute, contended that this rule should not be applied where it is shown that he used the proper means to ascertain the fact, and was fraudulently misled.

*John C. Spooner*, Assistant Attorney General, for the state, cited 3 Greenl. Ev. § 22 ; *Barnes v. The State*, 19 Conn. 398 ; *Commonwealth v. Marsh*, 7 Met. 472 ; *Sturges v. Maitland*, Anthon's N. P. 154 ; *United States v. Webber*, 1 Gall. 392 ; *Calcroft v. Gibbs*, 5 Term, 19, 20.

DIXON, C. J.   The authorities cited by the assistant attoney general seem to leave no doubt as to the disposition which ought to be made of this case.   The words "knowingly" or "willfully," or other words of equivalent import, are omitted from the statute, and the offense is made to consist solely in the fact of a sale of intoxicating liquors or drinks to a minor.   Laws of 1867, ch. 128, § 1.   The authorities cited are to the effect that, where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact, or state of things contemplated by the statute, will not excuse its violation.   3 Greenl. Ev. § 21 ; *Barnes v. The State*, 19 Conn. 398 ; *Commonwealth v. Marsh*, 7 Met. 472 ; *Commonwealth v. Boynton*, 2 Allen, 160 ; *Commonwealth v. Farren*, 9 id. 489 ; *Commonwealth v. Waite*, 11 id. 264 ; *Commonwealth v. Raymond*, 97 Mass. 467 ; *Commonwealth v. Elwell*, 2 Met. 190.

Of this nature, as observed by Professor GREENLEAF, are many fiscal, police and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted :

State vs. Hartfiel.

for the law, in these cases, seems to bind the party to know the facts, and to obey the law at his peril. The act in question is a police regulation, and we have no doubt that the legislature intended to inflict the penalty, irrespective of the knowledge or motives of the person who has violated its provisions. Indeed, if this were not so, it is plain that the statute might be violated times without number, with no possibility of convicting offenders, and so it would become a dead letter on the statute book, and the evil aimed at by the legislature remain almost wholly untouched. To guard against such results, the legislature has, in effect, provided that the saloon keeper, or other vendor of intoxicating liquors or drinks, must know the facts—must know that the person to whom he sells is a *qualified drinker*, within the meaning of the statute ; and, if not, he acts at his peril in disobeying the requirements of the law.

*By the Court.*—We answer that there was no error in the instruction given to the jury upon the point in question, and for an opinion upon which the cause has been certified up to this court; and we advise the circuit court to proceed to render such judgment as the law requires.