[Filed June 10, 1890.]

## STATE OF OREGON, RESPONDENT, *v.* D. STERRITT, APPELLANT.

INDICTMENT—WHEN GUILTY KNOWLEDGE NEED NOT BE ALLEGED.—In an indictment under section 3352, Hill's Code, guilty knowledge need not be alleged. In declaring the acts mentioned in that section punishable, the legislature was exercising the police powers of the State, and in such case the indictment need not allege that the party knew the act complained of was unlawful.

DISEASED SHEEP—MOVING WITHOUT PERMIT—INDICTMENT.—An indictment under section 3352, Hill's Code, for moving diseased sheep, which fails to follow the descriptive words of the statute, by alleging the ownership of the sheep, is bad on demurrer.

APPEAL from Grant county: M. D. CLIFFORD, judge.

The grand jury of Grant county returned into court the following indictment against the appellant: "D. Sterritt is accused by the grand jury of Grant county and State of Oregon by this indictment of the crime of unlawfully moving sheep infected with scab from place to place without first having obtained a traveling permit therefor, committed as follows: The said D. Sterritt, on the first day of April, A. D. 1889, in the county of Grant and State of Oregon, having then and there a band of sheep of about 1,500 head, infected with scab, did unlawfully move said band of sheep over and across the range of one E. Mumford, a distance of about fifteen miles; he, the said D. Sterritt, then and there having no traveling permit to move said sheep, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Oregon."

This indictment is founded on section 3352, Hill's Code, which is as follows: "Any person, company, corporation, or association desiring to move his or their sheep, which are not sound, or are infected or affected with scab or any infectious or contagious disease, shall obtain from the inspector a traveling permit; but such permit shall only be granted for the purpose of moving said sheep to some place where they may be treated for said disease, and by such route as the inspector may designate."

The defendant demurred to said indictment on the following grounds amongst others: "That said indictment does not show that the defendant knew that said sheep were infected with scab at the time of their alleged removal; that said indictment does not show that defendant was the owner of said sheep at the time of their alleged removal."

The demurrer was overruled; and the defendant having pleaded not guilty, upon a trial before a jury was convicted and sentenced to pay a fine, from which judgment this appeal is taken.

　　*W. M. Ramsey,* for Appellant.

　　*J. L. Rand,* district attorney, for the State.

STRAHAN, J., delivered the opinion of the court.

Upon the argument in this court the appellant mainly relied upon the objections taken by the demurrer to the indictment.

1. The first objection insisted upon was that the indictment failed to allege knowledge of the defendant that the sheep had the scab at the time of their removal. In a very large class of offenses, and mainly those that were classed as *mala in se* at common law, guilty knowledge is necessary to complete the offense and it must be alleged. But in that other class, wrongs which are forbidden by statute, and more especially those offences which are made punishable in furtherance of the public policy of the State, such as the exercise of the police powers, the collection of revenue and the like, are punishable whether the offender had guilty knowledge or not. This distinction was lately sustained in this court in *State* v. *Chastain, ante,* and is adhered to. The offense under consideration belongs to the latter classification, and is punishable whether the accused party knew the sheep were diseased or not. The doing the act under the circumstances defined in the statute is what is punishable, and when the pleader brings the offense within the descriptive words of the statute it is generally sufficient.

2.  The next objection is that the indictment does not show that the defendant was the owner of said sheep at the time of their alleged removal.    This objection must be sustained.  "Any person desiring * * * to move *his* * * * sheep," not the sheep of another, must obtain the permit.   These words are a part of the statutory definition of the offense, and in such case the indictment should follow the language used in the statute and expressly charge the described offense on the defendant or it will be defective.   It is necessary that the defendant should be brought within all the material words of the statute; and nothing can be taken by intendment.   1 Whart. Cr. Law, § 364.

It follows from this view of the law that the indictment is defective, and the judgment of conviction must be reversed, and the cause remanded to the court below with directions to sustain the demurrer to the indictment.