Argued 16 October; decided 27 October, 1902.

### STATE *v.* GULLEY.

[70 Pac. 385.]

INTOXICATING LIQUORS—NECESSITY OF GUILTY KNOWLEDGE.

1. In prosecutions for distinctly statutory offenses, such as selling liquor to minors, for example, where the statute does not make guilty knowledge an element, it is unnecessary to show an intent to violate the law, and that defendant acted in good faith on mistaken information 's not a defense.

INTOXICATING LIQUORS—IMPLIED AMENDMENT OF STATUTE.

2. Act February 20, 1891 (Laws, 1891, p. 79), enacting that if any minor over the age of sixteen shall, for the purpose of inducing any person to give or sell him intoxicating liquor, represent that he is twenty-one years of age, he shall be punished, does not impliedly modify or affect section 1913, making it a misdemeanor to sell liquor to minors.

From Linn: GEORGE H. BURNETT, Judge.

James Gulley appeals from a conviction for selling liquor to a minor.      AFFIRMED.

For appellant there was a brief over the name of *Weather-ford & Wyatt*, with an oral argument by *Mr. J. R. Wyatt*.

For the state there was a brief over the names of *Julius Newton Hart*, District Attorney, and *Percy R. Kelly*, with an oral argument by *Mr. D. R. N. Blackburn*, Attorney-General, and *Mr. Hart*.

MR. CHIEF JUSTICE MOORE delivered the opinion.

An information having been filed against the defendant, James Gulley, charging him with the crime of selling intoxicating liquor to a minor, he entered a plea of not guilty, and, a trial being had, the court, over his exception, charged the jury, in effect, that guilty knowledge by the defendant in respect to the minority of the person to whom the intoxicating liquor was sold is not an element of the crime; that the defendant's ignorance of the fact of such person being a minor is no defense; and that, if they should find beyond a reasonable doubt that the defendant sold intoxicating liquor to a person who, at the time, was not twenty-one years old, they should find the defendant guilty as charged. An exception was also taken to the court's refusal to give the following instruction: "I instruct you in this case that if you find from the evidence that the defendant, in making sale of the liquor to the minor, as charged in the information, had no knowledge of such person being a minor, and that after the exercise of proper caution, and acting in the reasonable belief that the purchaser was of full and lawful age at the time of such sale, and made such sale as charged, although said person was in fact a minor, you have a right to take these facts into consideration, and, if you should so find, your verdict should be for the defendant. If you should find from the evidence that at the alleged sale of the liquor as charged in the information the defendant honestly believed from the appearance of the minor and his answers to questions touching this subject that he, the said minor, was of full and lawful age, and that the defendant, under all the circumstances, used reasonable and due diligence,

such as a prudent man would use, to ascertain the age of said purchaser, and after doing so was honestly deceived, you will find him not guilty.'' The cause being submitted, the following verdict was returned: ''(1) That on the 1st day of January, A. D. 1902, in Linn County, Oregon, said defendant, James Gulley, sold and delivered to said Hreinhold Zimmerman four quarts of whisky, the same being intoxicating liquor, and received therefor from the said Hreinhold Zimmerman the sum of $3.75; (2) that said Hreinhold Zimmerman, on the 1st day of January, A. D. 1902, was only nineteen years of age, and is a young man and a minor; (3) that before selling said whisky to said minor said defendant, James Gulley, asked said minor his age, and said minor, replied to the effect that he, the said minor, was then twenty-one years old; (4) that said defendant honestly believed said minor to be over the age of twenty-one years at the time of such sale, as charged in the information.'' Based upon this verdict, the defendant was sentenced to pay a fine of $50, and to stand committed until such fine was paid, from which judgment he appeals.

1. It is contended by defendant's counsel that the court erred in charging the jury as indicated, in refusing to give the instruction requested, and in rendering the judgment complained of. The statute for the violation of which the defendant was charged is, so far as deemed applicable to the case at bar, as follows: ''If any person shall sell * * any intoxicating liquor to any minor in this state, * * such person shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished,'' etc.: Hill's Ann. Laws, § 1913. It will be observed that this statute does not expressly make the vendor's knowledge of the purchaser's minority an indispensable ingredient of the crime of selling intoxicating liquor to him, and hence the instructions given and refused and the special findings of the jury present the question whether honest ignorance, or mistake of fact, in respect to the age of the purchaser, constitutes a valid defense to an information charging the commission of such crime. An irreconcilable conflict of judicial utterance exists in respect to the question pre-

sented by this appeal. It has been held under statutes like ours that no crime can be committed in the absence of a criminal intent (*Faulks* v. *People*, 39 Mich. 200, 33 Am. Rep. 375) ; and that, where intoxicating liquor is sold to a person within the prohibited age by a vendor who exercised special caution and diligence to discover whether the applicant had attained his majority, and satisfied the jury that he made an honest inquiry to ascertain the truth, and that he reasonably believed the purchaser to be of age, a finding to that effect relieves him from criminal responsibility: *Farrell* v. *State*, 32 Ohio St. 456 (30 Am. Rep. 614) ; *Farbach* v. *State*, 24 Ind. 77; *Rineman* v. *State*, 24 Ind. 80. On the other hand, it is held that a mistake of fact in respect to the purchaser's age constitutes no valid defense to a charge of selling intoxicating liquor to a minor (*State* v. *Hartfiel*, 24 Wis. 61) ; that the vendor is bound to determine, at his peril, whether the applicant is above the inhibited age; and that, if he sells to a person who is a minor, he is criminally liable, notwithstanding he may have honestly believed that the purchaser was of lawful age: *Redmond* v. *State*, 36 Ark. 58 (38 Am. Rep. 24) ; *McCutcheon*, v. *People*, 69 Ill. 601.

Whichever may be the better rule, we think this court is committed to the doctrine that the vendor's belief, however honestly entertained, that a purchaser of intoxicating liquor is of lawful age, constitutes no defense to a violation of the statute prohibiting such sales to minors. Thus, in *State* v. *Chastian*, 19 Or. 176 (23 Pac. 963), it was held that statutes prohibiting the sale of liquors without first having obtained a license therefor are in their nature fiscal and police regulations, and make their violation indictable, irrespective of guilty knowledge. In that case the defendant, as a bartender, employed by one Scott, sold intoxicating liquor, honestly believing that his principal had secured a license to conduct the business, and in reaching the conclusion announced Mr. Justice Lord, speaking of the defendant, says: "Standing in the place of his principal, the barkeeper is bound to know, to ex-

cuse himself from liability, that his principal is licensed to sell intoxicating liquors, as otherwise he is charged with the knowledge that such sales are prohibited, and in violation of the statute. As statutes of this character bind the party to know the facts and to keep them at his peril, neither the motives nor the intent of the defendant can relieve him. When a sale is made without license, the intent is immaterial, when the statute makes the act indictable irrespective of guilty knowledge, and in such case ignorance of fact, no matter how sincere, cannot be a defense. It is enough that under the statute the commission of the act prohibited constitutes the offense, irrespective of the motives or knowledge of the defendant; and, as his principal had no license to sell, the defendant must stand for him, so far as appertains to this prosecution." So, too, in *State* v. *Sterritt,* 19 Or. 352 (24 Pac. 523), it was held that in an indictment charging the violation of a statute which prohibited the moving of sheep infected with scab it was not necessary to allege guilty knowledge. Mr. Justice STRAHAN, in deciding the case, says: "In a very large class of offenses, and mainly those that were classed as *mala in se* at common law, guilty knowledge is necessary to complete the offense, and it must be alleged. But in that other class, wrongs which are forbidden by statute, and more especially those offenses which are made punishable in furtherance of the public policy of the state, such as the exercise of the police powers, the collection of revenue, and the like, are punishable whether the offender had guilty knowledge or not."

It is insisted by defendant's counsel, in his argument, that the decisions in these cases are not controlling, because, in the first instance, an examination of the records of the county court would have disclosed that no license to sell intoxicating liquor had been issued, and, in the second case, an inspection of the sheep would have demonstrated that they were infected with scab. The latter case is not exactly parallel with the one at bar, so far as the appearance of the applicant for intoxicating liquor is concerned, for the immediate transition of a person from minority to majority is not so distinctly marked

by the lines of the face, the tones of the voice, or any other *indicia,* as is the appearance of cutaneous diseases in sheep. A person of ordinary intelligence, from appearance alone, ought to be able to distinguish between youth and old age, but it is not to be believed that any person, however, astute, could, by such means, determine the precise day when another person attained his majority. The case of *State* v. *Chastain,* 19 Or. 176 (23 Pac. 963), is in point, and refutes the argument made, for if the defendant in that case, from an inspection of the records of the county court, could have ascertained that no license had been issued to his principal, so, in the case at bar, the defendant, by examining the family records of the person to whom the intoxicating liquor was sold, could probably have discovered that he was a minor. It is not expected that such inquiry will be prosecuted before a sale of intoxicating liquor can be made to a person who may not have attained his majority; but, if the onerous duty of searching the family history were imposed, it would be identical with, but only differing in degree from, the examination of the county records.

2. It is also maintained by defendant's counsel that the act of February 20, 1891 (Laws, 1891, p. 79), modifies by implication the statute under consideration, and that, construing said acts *in pari materia,* it is implied that the vendor of intoxicating liquor must knowingly make the sale in order to come within the spirit of the law. The act to which attention is called is as follows: "If any minor over the age of sixteen years shall, for the purpose of inducing any person to give or sell to such minor any intoxicating liquor, represent to such person that such minor is twenty-one years of age or upward, such minor upon conviction thereof shall be punished by a fine of not less than twenty-five dollars nor more than one hundred and fifty dollars." This act, in our opinion, does not directly or by implication modify the statute for the violation of which the defendant was convicted. The duty, since the passage of the statute, has devolved upon the vendor of intoxicating liquor to determine that an applicant for the purchase

thereof is over twenty-one years of age before a sale can lawfully be made to him. If the vendor errs in judgment, he must suffer the penalty which the statute prescribes. The act of 1891 was designed for his protection; not to relieve him from the consequences of his mistake in respect to the age of a purchaser, but to punish the latter for falsely representing that he is twenty-one years old, thereby tending to restrain him from applying for intoxicating liquor, and thus protecting the vendor. From these considerations it follows that the judgment is affirmed.      AFFIRMED.

Decided 21 April, 1902.