Submitted on briefs without argument September 21, reversed December 1, 1914.

## STATE *v.* BROWN.*

(144 Pac. 444.)

**Criminal Law—Intent—Statutory Crimes.**

1. In statutory crimes, unless there is incorporated into the legislative definition the element of knowledge on the part of defendant, the intent with which the act was done is not an ingredient of the offense.

**Intoxicating Liquors—Sale by Bartender to Minor—Intent—"Principal."**

2. Under Section 2142, L. O. L., making the sale of liquor to a minor an offense, and Section 2370, providing that all persons concerned in the commission of a crime, though not present, are principals, a saloon-keeper is guilty of an unlawful sale of liquor to a minor, though the sale was by his bartender in the keeper's absence and without his knowledge, and on the representation of the minor that he was above age.

[As to who are deemed guilty of selling liquor to minors, see note in 28 Am. St. Rep. 707.]

---

*As to the criminal liability for sale of liquor to minors by partners, agents or servants, see note in 41 L. R. A. 666.    REPORTER.

From Jackson: FRANK M. CALKINS, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

The defendant, E. G. Brown, was indicted for selling intoxicating liquor to a minor. In order to settle the question involved by demurrer to the indictment, that instrument was amended by stipulation, so that the charging part reads thus; the amendment being the part in parentheses:

"The said E. G. Brown, on the 19th day of March, 1913, in the said county of Jackson and State of Oregon, then and there being, did then and there unlawfully sell to Harvey Ling intoxicating liquor, to wit, lager-beer, said Harvey Ling then and there being a minor under the age of 21 years; (that said sale of liquor was not made by the defendant personally, but was made by the bartender; that said sale was not made in the presence of or with the knowledge or consent of the defendant; that said sale was contrary to express orders given in good faith from time to time by said defendant to said bartender forbidding him to sell liquor to minors); that to procure the liquor said minor represented to said bartender that he, the said minor, was over the age of 21 years."

Among other things, the objection to the indictment specified:

"That the facts stated do not constitute a crime; and that the defendant is not criminally liable for the act of an agent done contrary to specific instructions, which instructions were given in good faith, and which act was without the knowledge or consent of the defendant."

The court sustained the demurrer, and the state appeals.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).          REVERSED AND REMANDED.

For appellant there was a brief over the names of
*Mr. E. E. Kelly,* Prosecuting Attorney, and *Mr. Andrew M. Crawford,* Attorney General.

For respondent there was a brief over the names of
*Mr. Alfred E. Reames* and *Mr. Holbrook Withington.*

MR. JUSTICE BURNETT delivered the opinion of the
court.

1, 2. It is not directly so stated, but we assume in
favor of the defendant, as the parties evidently intended that he was conducting a place where intoxicating liquors were sold under a regular license, and employed a bartender in the prosecution of the business.
On this assumption, coupled with the amended form of
indictment set forth, we find that apparently the authorities are in hopeless conflict as regards the culpability of the defendant under such circumstances. The
precedents in his favor proceed upon the theory that
no one can commit a crime in the absence of any intent
to do so. This is the keynote of all the utterances on
that subject so far as our investigation goes, and there
are many eminent jurists who press this doctrine with
great persuasiveness. The decisions to the contrary
are based upon the doctrine that in statutory crimes,
unless there is incorporated into the legislative definition the element of knowledge on the part of the defendant, the intent with which the act was done is not
an ingredient of the offense. This feature is the differentiating characteristic between the two classes of
cases. The courts of this state are committed to the
latter doctrine.

In *State* v. *Chastain,* 19 Or. 176 (23 Pac. 963), the
defendant was indicted for selling spirituous liquor
without a license. He offered to show that he was in

the employment of another whom he honestly supposed had a license authorizing the sale, but the court in an exhaustive opinion by Mr. Justice LORD, after reviewing the authorities, states:

"As statutes of this character bind the party to know the facts and to keep them at his peril, neither the motives nor the intent of the defendant can relieve him. When a sale is made without a license, the intent is immaterial, when the statute makes the act indictable irrespective of guilty knowledge, and, in such case, ignorance of fact, no matter how sincere, cannot be a defense. It is enough that under the statute the commission of the act prohibited constitutes the offense, irrespective of the motives or knowledge of the defendant, and as his principal had no license to sell, the defendant must stand for him, so far as appertains to this prosecution."

In *State* v. *Gulley,* 41 Or. 318 (70 Pac. 385), the defendant was found by a special verdict to have sold liquor in good faith to one who represented himself to be more than 21 years of age but who in fact was a minor. The court held by Mr. Chief Justice MOORE that:

"In prosecutions for distinctly statutory offenses, such as selling liquor to minors, for example, where the statute does not make guilty knowledge an element, it is unnecessary to show an intent to violate the law, and that defendant acted in good faith on mistaken information is not a defense."

In *State* v. *Sterritt,* 19 Or. 352 (24 Pac. 523), the defendant was indicted for the crime of unlawfully moving sheep infected with scab, from place to place, without first having obtained a traveling permit therefor. The defendant demurred to the indictment because it did not show that he knew the sheep were infected with scab at the time of their alleged removal, but the

court considered that objection untenable, relying upon *State* v. *Chastain, supra.*

So far as applicable, the Oregon statute on this subject reads thus in Section 2142, L. O. L.:

"If any person shall sell, give, or cause to be sold or given, any intoxicating liquor to any minor in this state, * * such person shall be deemed guilty of a misdemeanor. * * "

It will be observed that our statute does not prescribe guilty knowledge or intent as an element of the crime. It is said in Section 2370, L. O. L., that:

"All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, are principals, and to be tried and punished as such."

On the postulate that the bartender was an employee of the defendant in the conduct of a licensed business, the defendant is directly concerned in the traffic. It is he who of all others makes it possible for the bartender to commit the act forbidden by the statute. He furnishes the liquor to sell and the place in which it is sold. He employs agents for that purpose, who carry on the business for him. Responsible to the state under his license, he must take the risks of the business and at his peril see that his employees obey the law. If he would derive profit from the venture in the hands of his employee, he must accept the hazard with the benefit. As said in *Carroll* v. *State,* 63 Md. 551, 557 (3 Atl. 29, 32), speaking of instructions given by a principal to his agent not to violate the law:

"The cases, therefore, which hold that such orders will exculpate the principal, are inconsistent with the

rule that in such case intent is immaterial. If intent is not an ingredient in the offense, it logically follows that it must be immaterial whether such orders are given or not, for he who does by another that which he cannot lawfully do in person must be responsible for the agent's act. In fact, it is his act. If the principal makes such sale at his peril, and is not excusable, because he did not know or was deceived, for the reason that he was bound to know, and if he was not certain should decline to sell, or take the hazard, it cannot be that by setting another to do his work, and occupying himself elsewhere and otherwise, he can reap the benefit of his agent's sales, and escape the consequences of the agent's conduct."

Here was a sale. From whom? To whom? The answer is plain that it was from the defendant to the minor. It involves a passing of property from the former to the latter for a valuable consideration. The bartender is not shown to have had any interest in the property. The defendant derived whatever profit accrued from the transaction. Having engaged himself with the bartender in the business, he is liable like the bartender and with him for an act done in pursuance of the undertaking. The reason is found in the fact that intent is not made an element of the statutory offense so that the defendant is liable in like manner as his agent employed to conduct the business: *Walters* v. *State,* 174 Ind. 545 (92 N. E. 537); *Olson* v. *State,* 143 Wis. 413 (127 N. W. 975); *State* v. *Anderson,* 127 La. 1041 (54 South. 344, Ann. Cas. 1912A, 1103); *Reismier* v. *State,* 148 Wis. 593 (135 N. W. 153); *State* v. *Gilmore,* 80 Vt. 514 (68 Atl. 658, 13 Ann. Cas. 321, and notes, 16 L. R. A. (N. S.) 786). The traffic in intoxicating liquors has always been more or less under the ban of the law as an expression of the police power of the state, and there are no in-

tendments in its favor. Under statutes like ours, the defendant's directions to his employees, in reality, amount only to self-serving declarations of his good intent; but this court is already committed to the doctrine that intent is a negligible and immaterial circumstance in such cases. The conclusion is that the indictment, containing, as it does, a direct charge of the crime defined in the statute, is sufficient, and is not affected by the stipulated addition about want of. knowledge on the part of the defendant and his instructions to the bartender. The court erred in sustaining the demurrer.

The judgment is reversed and the cause remanded for further proceedings.    REVERSED AND REMANDED.