## FEELEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1916.)

No. 4536.

INDIANS ☞34—SALES OF INTOXICATING LIQUORS TO—DEFENSES.

 In a prosecution under Rev. St. § 2139, as amended by Act Jan. 30, 1897, c. 109, 29 Stat. 506 (Comp. St. 1913, § 4137), declaring that any person who shall sell intoxicants to any Indian ward of the government under the charge of an Indian agent shall be punished, it is no defense that the seller did not know the purchaser was an Indian ward of the government under charge of an Indian agent, the statute not using the words "knowingly or willfully" in connection with the sale, and the seller is guilty, though he believed the purchaser was a person of another race.

 [Ed. Note.—For other cases, see Indians, Cent. Dig. § 60; Dec. Dig. ☞ 34.]

In Error to the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Etta Feeley was convicted of violating Rev. St. § 2139, as amended by Act Jan. 30, 1897, by selling intoxicating liquor to an Indian ward of the government under charge of an Indian agent, and she brings error. Affirmed.

Charles A. Kutcher, of Sheridan, Wyo. (Burgess & Kutcher, of Sheridan, Wyo., and Burke & Riner, of Cheyenne, Wyo., on the brief), for plaintiff in error.

David J. Howell, Asst. U. S. Atty., of Cheyenne, Wyo. (Charles L. Rigdon, U. S. Atty., of Cheyenne, Wyo., on the brief), for the United States.

Before CARLAND, Circuit Judge, and TRIEBER and VAN VALKENBURGH, District Judges.

TRIEBER, District Judge. The defendant was indicted and convicted for violating section 2139 Rev. St., as amended by Act Jan. 30, 1897, 29 St. 506 (Comp. St. 1913, § 4137). The facts are that the defendant sold, in the state of Wyoming, intoxicating liquor to an Indian, a ward of the government and under the charge of an Indian agent.

The only defense the plaintiff in error made was that she believed, at the time of making the sale, that the Indian, to whom the liquor was sold, was a Mexican. To sustain this defense she offered to prove by a number of witnesses that this Indian claimed to be a Mexican from Mexico, and by such means entrapped and deceived the defendant into selling him the liquor in question; she believing, in good faith, that he was a Mexican. The court refused to admit any evidence to prove this defense, to which proper exceptions were taken.

The court in its charge to the jury told them that her belief that the person to whom she sold the intoxicating liquor was a Mexican, and not an Indian, was no defense to this indictment, and before she could make the sale she was bound to know whether he was an Indian or a Mexican, and refused to instruct the jury that if she in good faith believed, and had reasonable cause to believe, after making inquiry as to his nationality, that he was a Mexican, and that the sale in question was the result of such mistake, she cannot be convicted. Proper exceptions were saved and assigned as errors in this court.

The statute under which she was indicted provides:

"That any person who shall sell, give away, dispose of, exchange, or barter any malt, spirituous, or vinous liquor including beer, ale, and wine, or any ardent or other intoxicating liquor of any kind whatsoever, * * * to any Indian, a ward of the government under charge of any Indian superintendent or agent, or any Indian, including mixed bloods, over whom the government, through its departments, exercises guardianship, * * * shall be punished by, * * *" etc.

It will be noticed that the statute does not require the act to be done "knowingly or willfully," nor are there any other words of equivalent import in the statute. · For this reason the numerous authorities cited by counsel for plaintiff in error, arising under statutes making it an offense to do certain acts "knowingly or willfully," have no application.

In United States v. Kirby, 7 Wall. 482, 19 L. Ed. 278, the indictment was founded upon the ninth section of the act of Congress of March 3, 1825 (4 Stat. 104, c. 64) which provides that "if any person shall knowingly or willfully obstruct or retard the passage of the mail, * * *" and it was held that, unless the defendant "acted knowingly and willfully" there could be no conviction.

In Felton v. United States, 96 U. S. 699, 24 L. Ed. 875, the defendant was indicted for violating the act of July 20, 1868, imposing taxes on distilled spirits. 15 St. 131 (Comp. St. 1913, § 6005). The act provided that if any distiller shall "knowingly and willfully" omit to do certain things, and the court held that "knowingly" was one of the material ingredients of the offense.

In United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135, the indictment was under section 5431, Rev. St., which made it an offense to pass, utter, publish, etc., any counterfeit obligation, etc., with intent to defraud, and the court held that knowledge that the instrument is forg-

ed or counterfeit is essential. Of course, there could be no intent to defraud, unless the party knew the instrument to be counterfeit.

Other cases cited refer to offenses which have a common-law definition, and it has been uniformly held that, where the statute itself does not describe the offense, but merely uses the common-law name, the rules of the common law will govern. Such are larceny, embezzlement, murder, and other grave offenses of that nature. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Moore v. United States, 160 U. S. 268, 274, 16 Sup. Ct. 294, 40 L. Ed. 422.

The decisions of the highest courts of the states are quite numerous and practically uniform that, when a statute does not require that the act should be done "knowingly or willfully," or other words of equivalent meaning, ignorance is no excuse. Black on Intoxicating Liquors, § 418; Redmond v. State, 36 Ark. 58, 38 Am. Rep. 24; Harper v. State, 91 Ark. 422, 121 S. W. 737, 25 L. R. A. (N. S.) 669, 18 Ann. Cas. 435; Carroll v. State, 63 Md. 551, 3 Atl. 29; O'Flinn v. State, 66 Miss. 7, 5 South. 390; McCutcheon v. People, 69 Ill. 601; Jamison v. Burton, 43 Iowa, 282; Commonwealth v. Gould, 158 Mass. 499, 33 N. E. 656; State v. Baer, 37 W. Va. 1, 16 S. E. 368; State v. Hartfiel, 24 Wis. 60; Seele v. State, 85 Neb. 109, 122 N. W. 686; State v. Gilmore, 80 Vt. 514, 68 Atl. 658, 16 L. R. A. (N. S.) 786, 13 Ann. Cas. 321; State v. Feldman, 150 Mo. App. 120, 129 S. W. 998; State v. Gulley, 41 Or. 318, 70 Pac. 385.

Even the absence of the owner of the saloon at the time of the sale will not excuse him for his employé selling liquor to a minor. Mogler v. State, 47 Ark. 109, 14 S. W. 473.

Under a statute making it an offense to marry a minor without the consent of the parent or guardian, but which does not require that it be done knowingly, it has been held that it is no defense that the parties represented themselves to be of age and the minister acted in good faith, believing that these representations were true. Smyth v. State, 13 Ark. 696; Sikes v. State, 30 Ark. 496.

In People v. Roby, 52 Mich. 577, 18 N. W. 365, 50 Am. Rep. 270, it was held that where a saloon was kept open on Sunday in violation of law, the owner may be properly convicted, although it was done without his knowledge or consent. In Haynes v. State, 118 Tenn. 709, 105 S. W. 251, 13 L. R. A. (N. S.) 559, 121 Am. St. Rep. 1055, 12 Ann. Cas. 470, a conviction of one, who sold intoxicating liquors, not knowing it was such, was upheld. In Heath v. State, 173 Ind. 296, 90 N. E. 310, 21 Ann. Cas. 1056, a conviction for rape, by having sexual intercourse with a female under the age of consent, although in ignorance of that fact was affirmed.

The same rule has been applied by this court, and all other national courts, to the Hours of Service Law. In United States v. Kansas City Southern Ry. Co., 202 Fed. 828, 121 C. C. A. 136, Judge Van Valkenburgh, speaking for the court, said:

"The act under consideration does not employ the words 'knowingly' and 'willfully.' The carrier is made liable if it requires or permits any employé to be or remain on duty in violation of stated provisions. This case then falls

within that class where purposely doing a thing prohibited by statute may amount to an offense, although the act does not involve turpitude or moral wrong."

To the same effect is Armour Packing Co. v. United States, 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681, construing the Interstate Commerce Act. It was there held:

"While intent is in a certain sense essential to the commission of a crime, and in some classes of cases it is necessary to show moral turpitude in order to make out a crime, there is a class of cases, within which we think the one under consideration falls, where purposely doing a thing prohibited by statute may amount to an offense, although the act does not involve turpitude or moral wrong."

When a statute enacted under the police power, commands an act to be done or omitted, and does not require it to be done knowingly or willfully, or with a certain intent, the doing of the act prohibited, is a violation of the law, regardless of the knowledge or intent of the offender.

The court committed no error in excluding the testimony offered by the defendant, or refusing to instruct the jury as requested by her.

The judgment is affirmed.