Argued at Pendleton May 1; affirmed May 16, 1944

## STATE *v.* RAPER

(149 P. (2d) 165)

Before BAILEY, Chief Justice, and BELT, LUSK, BRAND and HAY, Associate Justices.

*H. H. DeArmond,* of Bend (DeArmond & Goodrich, of Bend, and W. F. Coshow, of Bend, on the brief), for appellant.

*Charles E. Boardman,* of Bend, District Attorney, for respondent.

BAILEY, C. J. The defendant, Alma Raper, was indicted for and convicted of the crime of unlawfully selling alcoholic liquor on January 3, 1943, to one Robert Cover, a minor then between eighteen and nineteen years of age. The crime is alleged to have been committed at Bend, Oregon. From a judgment sentencing him to imprisonment in the county jail for a period not to exceed two months and to payment of a fine of three hundred dollars, the defendant has appealed.

Three assignments of error are presented, the first two of which raise the same question. An exception was taken to the court's instruction that:

"In connection with the charge, it is not necessary for the state to charge or prove an intentional or wilful violation of the law. If a person makes a sale of alcoholic liquor to one who is under the age of twenty-one years, he violates this law. He makes his sales at his peril."

The defendant also excepted to the refusal of the court to instruct the jury that before the defendant could be found guilty of the crime charged, "you must also find from the evidence, that the defendant knew, or should have known that the said Robert Cover was, at the time of such sale, under twenty-one years of age, and that the defendant intentionally sold him, the said Robert Cover, alcoholic liquor knowing him to be under twenty-one years of age". The question raised by those two assignments of error was therefore whether or not the state is required to prove that the defendant intentionally violated the law. Stated otherwise, was it necessary for the state to show that the defendant knew or should have known that Robert Cover was, at the time of the sale of alcoholic liquor to him, under the age of twenty-one years?

Section 24-137, O. C. L. A., provides in part as follows: "It shall be unlawful: * * * For any person to sell alcoholic liquor to any person under the age of twenty-one (21) years". The section from which this excerpt is taken was amended in 1941 (chapter 249, Oregon Laws 1941) and 1943 (chapter 108, Oregon Laws 1943), but not in any way affecting the matter quoted. Section 24-137, *supra,* was originally enacted as § 33 of chapter 17, Oregon Laws 1933, Second Special Session, which chapter was designated as the "Oregon liquor control act".

This court in *State v. Gulley,* 41 Or. 318, 70 P. 385, passed upon the identical question presented by the two foregoing assignments. In that case the defendant was convicted of selling intoxicating liquor to Hreinhold Zimmerman, a minor nineteen years of age, in violation of § 1913, Hill's Ann. Laws. That section, as far as applicable to the case then before the court, thus read: "If any person shall sell any intoxicating liquor to any minor in this state . . . such person shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished" as therein provided. The jury in its verdict therein stated the age of the minor to whom the liquor was sold and further stated that before selling liquor to him the defendant had asked him his age and received an answer to the effect that Zimmerman was twenty-one years old, and that the defendant honestly believed that Zimmerman was over the age of twenty-one years at the time of selling liquor to him.

In upholding the conviction of that defendant the court in its opinion stated that it was "committed to the doctrine that the vendor's belief, however honestly

entertained, that a purchaser of intoxicating liquor is of lawful age, constitutes no defense to a violation of the statute prohibiting such sales to minors." The opinion further pointed out that guilty knowledge on the part of the accused was not an essential element of the crime and that one who undertook to sell intoxicating liquor must at his peril ascertain whether or not the buyer had reached the age of majority. The doctrine of that case was approved in *State v. Brown,* 73 Or. 325, 144 P. 444, which also involved the sale of intoxicating liquor to a minor.

■ It must be presumed that the legislature, in enacting the law here under consideration, was familiar with the construction which this court had, in the above-mentioned cases, given a similarly worded statute, and therefore intended a like construction to be given the language hereinabove quoted from § 24-137, O. C. L. A., inasmuch as a contrary purpose is not indicated: *Overland v. Jackson,* 128 Or. 455, 463, 275 P. 21; 59 C. J., Statutes, § 625, page 1061; 25 R.C.L., Statutes, § 297, page 1075.

■ That part of § 24-137, O. C. L. A., hereinabove quoted does not require that the act be done "knowingly" or "wilfully" or use other words of equivalent meaning, and therefore ignorance is no defense: *State v. Gulley,* supra; *Feeley v. United States,* 236 F. 903 (C. C. A., eighth circuit), and authorities therein cited. The commission of the act prohibited—the sale of alcoholic liquor to minors—constitutes the offense, irrespective of the motive or knowledge of the accused. Such is the holding in the majority of the jurisdictions which have passed upon the question: annotation, 115 A. L. R. 1230.

The defendant argues that this court in *State v. Cox,* 91 Or. 518, 179 P. 575, overruled its earlier decision hereinabove cited.  In State v. Cox it was charged that the defendant on a designated date "did then and there unlawfully and wrongfully possess intoxicating liquor" contained in a suitcase.  From the facts therein it appears that the defendant was a porter employed by a Medford hotel, and that it was his duty to meet all passenger trains at the railroad station and receive the baggage of guests of the hotel.  The baggage would be received from the guests or from the railroad porters and would then be transported by the defendant to the hotel.  The defendant testified that he had received the suitcase in question from the porter of a sleeping-car under the same conditions that he took baggage belonging to incoming guests; that he received it as, and believed it to be, the baggage of a guest of the hotel; that he had no property interest in the suitcase and no suspicion that it contained intoxicating liquor; and that the only possession or control that he ever had of the suitcase or its contents was in his capacity of porter, for the purpose of transporting the suitcase from the station to the hotel.

The trial court in that case instructed the jury that intent was "not a necessary ingredient of the crime, the law absolutely prohibits intoxicating liquor in his possession".  By a majority of four to three, this court held that the instruction was erroneous.  The reasoning on which the majority based the decision is well stated by Mr. Justice HARRIS in his concurring opinion, as follows:

" . . . The legislature intended to prohibit persons from possessing intoxicants when they know or have reasonable ground to believe or have

an opportunity to know that they possess intoxicating liquor; but the prohibition does not include the person who neither knows nor suspects nor has reasonable ground to believe nor has an opportunity to know that a suitcase, which is temporarily in his custody, contains intoxicating liquor.''

The ruling in *State v. Cox,* supra, was followed in *State v. Harris,* 106 Or. 211, 211 P. 944, *State v. Buoy,* 113 Or. 217, 232 P. 623, and *State v. Muetzel,* 121 Or. 561, 254 P. 1010, all involving prosecution for alleged illegal possession of intoxicating liquor. In all those cases it was held that one of the ingredients of the crime was consciousness of possession.

■ In the exercise of its police power the state can prohibit entirely the sale of alcoholic liquor or allow it to be sold under whatever conditions it deems advisable. One who is permitted to sell alcoholic liquor may do so only under the restrictions imposed by the state. Any sale made by him is a conscious act, and he is forbidden at his peril to make sales to certain classes of individuals interdicted by the statute. His position is altogether different from that of a hotel porter whose duty it is to carry whatever is placed in his hands, without opportunity of knowing the contents of baggage or parcels entrusted to him, or from that of one upon whose property intoxicating liquor has been placed without his knowledge, as the evidence tended to show in the three cases last cited.

In *State v. Hartfiel,* 24 Wis. 60, decided in 1869, the court, after stating that motive or knowledge was not a part of the crime of selling intoxicating liquor to a minor, observed:

'' . . . The act in question is a police regulation, and we have no doubt that the legislature in-

tended to inflict the penalty, irrespective of the knowledge or motives of the person who has violated its provisions. Indeed, if this were not so, it is plain that the statute might be violated times without number, with no possibility of convicting offenders, and so it would become a dead letter on the statute book, and the evil aimed at by the legislature remain almost wholly untouched. To guard against such results, the legislature has, in effect, provided that the saloon keeper, or other vendor of intoxicating liquors or drinks, must know the facts—must know that the person to whom he sells is a *qualified drinker*, within the meaning of the statute; and if not, he acts at his peril in disobeying the requirements of the law."

*State v. Cox*, supra, and the three Oregon cases following it do not in any way overrule or cast doubt upon the soundness of the decision in *State v. Gulley*, supra, or in *State v. Brown*, supra. In our opinion, the circuit court did not err in giving the instruction above mentioned, or in refusing to give the defendant's requested instruction.

The only other assignment of error has reference to the following instruction, given by the court: "The testimony in this case offered by the state, is, in substance, to the effect that the defendant sold beer to one who was then not twenty-one years of age and that upon the third day of January, 1943." In excepting thereto the defendant stated that, "it amounts to a comment upon the evidence."

At another place in the charge to the jury this was said:

"There has also been evidence submitted by the defendant in support of his defense in the nature of an alibi. The defendant has introduced evidence for the purpose of establishing an alibi."

And at the close of the instructions the court stated:

"It is possible that during the course of the trial of the case you may have gained some impression as to whether I think this defendant is guilty or innocent from something that I may have said or from a look in my eye, or something of that nature. It has not been my intention to give any such impression. So far as you are concerned, I have no impression as to the guilt or innocence; that is not my business; that is your job—to determine as to whether or not this defendant is guilty or innocent."

Section 5-308, O. C. L. A., reads as follows:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact."

It is argued by the defendant that when the court told the jury that the testimony offered by the state was, "in substance, to the effect that the defendant sold beer" to a minor on January 3, 1943, it was presenting the facts in the case, or at least some of them, to the jury.

In *State v. Brown,* 28 Or. 147, 41 P. 1042, the defendant was convicted of murder in the first degree. During the trial the judge instructed the jury that: "There has been some evidence to the effect that it was the defendant who sent for the deceased, and not the mother of the deceased. * * * There is some evidence tending to show" certain other facts. Those statements were excepted to by the defendant on the ground that the court was stating its views of the facts to the jury. This court approved the instruction as given, stating that the trial court in giving the instruction com-

plained of did not assume that the facts referred to therein had been established, but left that question for the determination of the jury.

That decision was followed in the later case of *Coos Bay Railroad Co. v. Siglin*, 34 Or. 80, 53 P. 504, in which the court had instructed the jury that, "There is some evidence in this case tending to show" certain facts; and in *Smitson v. Southern Pacific Co.*, 37 Or. 74, 60 P. 907, in which this court upheld as proper the following instruction: "There is some evidence on behalf of the plaintiff to the effect that the train did come to a standstill . . . and there is evidence before us tending to show the accident occurred about nine o'clock."

■ In giving the instruction herein challenged, the trial court did not attempt to state the facts to the jury, but rather to call attention to the issues to be passed upon by it. The court had already referred to the evidence introduced by the defendant for the purpose of establishing an alibi. At the very beginning of the instructions the jury was charged that its duty was to determine the facts; that the defendant was presumed innocent of the charge against him; and that before he could be found guilty the state must produce evidence sufficient to overcome that presumption and prove beyond a reasonable doubt that the defendant had committed the act of which he was accused.

After a careful consideration of the entire record before us we are of the opinion that the defendant had a fair trial and that no error was committed by the circuit court. The judgment appealed from is affirmed.