**POINT CAFE, INC., Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6186.   Decided January 19, 1960.

John Wiethe, Donald Swain, Cincinnati, for plaintiff-appellant.

Mark McElroy, Atty. Genl., John W. Leibold, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By BRYANT, PJ.

The Point Cafe, Inc., holder of a Class D-5 liquor permit, appellant herein, was convicted of furnishing intoxicating liquor to a fourteen-year-old girl by the Board of Liquor Control, appellee herein. The board suspended the permit for twenty-one days and the permit holder appealed to the court of common pleas of Franklin County, Ohio, and that court affirmed the order of the board. The case was then appealed to this court.

All of the facts were stipulated and there is no dispute that the minor was in fact fourteen years old, and that she was served an alcoholic beverage by the permit holder through an employee.

This fourteen-year-old minor claimed to be twenty-one years old and exhibited to the waitress a birth certificate (Dept. Exhibit B), which had been altered to show that the minor was twenty-one years old. A bona fide birth certificate was introduced (Dept. Exhibit A) showing the minor to be fourteen years of age.

The altered birth certificate (Dept. Exhibit B) apparently was issued to the brother of the minor girl, and heavy erasure is plainly evident in the two places where the name of the girl is typed in the certificate. In answer to the question "4. Sex," the word, "male," is still legible under the word, "female."

On behalf of the permit holder there is but a single assignment of error, namely, that the decisions of the board and the lower court are "arbitrary, unreasonable and contrary to law in holding that honest reliance on a copy of a birth certificate as proof of age was not a valid defense to this charge."

This minor was seven years under the minimum age of twenty-one years for the purchase of intoxicating liquor. This fact together with the clear and patent erasures made in the altered birth certificate taken with the words plainly visible, along with the changes, should have alerted the waitress. Certainly this cannot be called a close case.

The Supreme Court of Ohio in 1959, again affirmed the holding that where the statute makes no reference to scienter in defining a crime, proof of scienter is not required to obtain a conviction. In **State, v. Morello, 169 Oh St 213,** on appeal from the court of appeals of Franklin County, decided on May 13, 1959, the second branch of the syllabus is as follows:

"Under §4301.22 **(B) R. C.,** making an offense the sale of intoxicants to an intoxicated person, which statute makes no reference to scienter, it is not necessary in order to obtain a conviction to prove that the accused knew that the person to whom he is charged with having sold intoxicants was intoxicated, where the means of such knowledge were available to the accused or the common good imposed a duty upon him to obtain it. (The ninth paragraph of the syllabus of **Miller v. State, 3 Oh St 475,** overruled.)"

The opinion by Bell, J., discusses the similarity in wording between the statute forbidding sales to intoxicated persons and similar sales to minors and on page 216 of the Morello case, supra, says:

"The injunction against the sale of intoxicants to an intoxicated person (§4301.22 **(B) R. C.),** is couched in almost identical language to that which prohibits the sale of intoxicants to a minor (§4301.22 **[A] R. C.).**

"The authorities are numerous holding that 'in a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller's ignorance that the buyer was a minor, or a bona fide belief that he was of legal age, is not available as a defense.' Annotation, 115 A. L. R. 1230. See, also, **State v. Kominis, 73 Oh Ap 204,** 55 N. E. (2d), 344.

"The reasoning of courts supporting this view, which is the overwhelming majority view in this country, is aptly stated as follows by the court in State v. Hartfiel, 24 Wis., 60:

" 'The act in question is a police regulation, and we have no doubt that the Legislature intended to inflict the penalty, irrespective of the knowledge or motives of the person who has violated its provisions. Indeed, if this were not so, it is plain that the statute might be violated times without number, with no possibility of convicting offenders, and so it would become a dead letter on the statute book, and the evil aimed at by the Legislature remain almost wholly untouched.' See, also, **State v. Kelly, 54 Oh St 166,** 43 N. E. 163."

For the reasons above set forth, the assignments of error are not well taken and must be overruled and the judgment of the court below affirmed.

DUFFY, J, concurs.
MILLER, J, not participating.