Argued and submitted September 15, 2006, affirmed February 28, 2007

## STATE OF OREGON,
*Respondent,*

*v.*

## NORA MAGDELENE McCATHERN,
*Appellant.*

0403-31327; A127638

154 P3d 130

Laura Graser argued the cause and filed the brief for appellant.

Kaye E. McDonald, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

ORS 471.410(2) provides that "[n]o one other than the person's parent or guardian shall sell, give or otherwise make available any alcoholic liquor to a person under the age of 21 years." The principal issue in this case is whether that statute requires proof of a culpable mental state. The trial court concluded that the statute sets forth a strict liability offense and requires no proof of a culpable mental state. We agree and affirm.

The facts pertaining to the issue on appeal are few and undisputed. Defendant lived next door to a foster home in which six girls, whose ages ranged from 13 to 17, lived. In February 2004, defendant went to the foster home and listened to music; she offered to bring the girls alcohol and cigarettes. The girls requested that she bring them a bottle of Black Velvet. The next night, defendant came over with a bottle of Black Velvet and gave it to two of the girls. The next day, five of the girls living in the foster home drank what remained of the alcohol that defendant had provided the night before.

Defendant was charged by indictment with, among other things, five counts of furnishing alcohol to a person under 21 years of age. The indictment alleged that defendant "did unlawfully give and make available alcoholic liquor" to five of the foster girls, and also alleged that all of the girls were under the age of 21. The indictment did not allege that defendant committed the crime knowingly or with some other culpable mental state.

Defendant demurred to the indictment, arguing that the indictment failed to state an offense because it did not allege that she had acted with a culpable mental state. Defendant argued that, under Oregon law, a culpable mental state is required for any offense in the absence of clear legislative intent to dispense with that requirement. In defendant's view, nothing about ORS 471.410(2) evinces a clear legislative intent to make furnishing alcohol to someone

under age 21 a strict liability offense. The trial court disagreed, overruling the demurrer on the ground that the legislature had intended the statute to create a strict liability offense.

Later, during trial, defendant raised the same issue by means of a motion for a judgment of acquittal and a request to instruct the jury that the state was required to prove a culpable mental state with respect to furnishing alcohol to a person under 21. The trial court denied both requests, and defendant was convicted of, among other things, five counts of furnishing alcohol to a person under the age of 21.

■ On appeal, defendant assigns error to the overruling of her demurrer, the denial of her motion for judgment of acquittal, and the denial of her requested jury instruction, all on the ground that the trial court erred in construing ORS 471.410(2) as a strict liability offense. She renews her argument that the text of ORS 471.410(2) does not show a clear legislative intent to dispense with a mental state requirement.

The state responds that the trial court correctly interpreted the statute. According to the state, the statutory predecessors to ORS 471.410(2) have consistently been interpreted by Oregon courts as imposing strict liability, and none of the amendments that have led up to the present law has suggested a legislative intent to deviate from that interpretation. We agree with the state.

■ Defendant assigns error to three different trial court rulings, each of which ordinarily would implicate a different standard of review on appeal. *See State v. King*, 307 Or 332, 339, 768 P2d 391 (1989) (in reviewing denial of motion for judgment of acquittal, court examines evidence in light most favorable to the state to determine whether rational trier of fact could have found the elements of the offense beyond a reasonable doubt); *State v. Couch*, 196 Or App 665, 672, 103 P3d 671 (2004), *aff'd*, 341 Or 610, 147 P3d 322 (2006) (trial court's ruling on demurrer to charging instrument reviewed for errors of law); *State v. Honzel*, 177 Or App 35, 42, 33 P3d 346 (2001) (in reviewing denial of requested jury instruction, court reviews facts in light most favorable to submission of case to jury and will uphold ruling only if there is no evidence

in record to support instruction). In this case, however, each assignment of error is premised on a contention that the trial court incorrectly construed the statute that defines the offense of which she was convicted. The proper interpretation of a statute is a question we review as a matter of law. *State v. Stamper*, 197 Or App 413, 416, 106 P3d 172, *rev den*, 339 Or 230 (2005) (when the dispositive issue underlying trial court's ruling involves meaning of applicable statutes, we review ruling as a matter of law). With that standard in mind, we turn to the parties' arguments.

■ In construing statutes, our goal is to determine the meaning most likely intended by the enacting legislature by examining the text of the enactment in context and, if necessary, consulting legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Our textual analysis includes an examination of the wording of the statute, *State v. Werdell*, 340 Or 590, 596-97, 136 P3d 17 (2006), the wording of related statutes, *State v. Webb*, 324 Or 380, 390, 927 P2d 79 (1996), prior judicial construction of the relevant terms, *State v. Stubbs*, 193 Or App 595, 600, 91 P3d 774, *rev den*, 337 Or 669 (2004), the preexisting common law, and the statutory framework within which the statute was enacted, *Fresk v. Kraemer*, 337 Or 513, 520-21, 99 P3d 282 (2004).

ORS 161.095 provides that, "[e]xcept as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." ORS 161.105, in turn, provides that "[n]otwithstanding ORS 161.095, a culpable mental state is *not* required if," among other things, "[a]n offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof." (Emphasis added.) At issue in this case is whether the exception stated in ORS 161.105 applies to ORS 471.410, which defines the offense of which defendant was convicted. That requires us to determine, first, whether the statute defining that offense is part of the Oregon Criminal Code

and, second, whether it "clearly indicates" an intention to dispense with the requirement of proving a culpable mental state.

The answer to the first determination is straightforward. ORS 161.005 lists the statutes that comprise the Oregon Criminal Code, and ORS 471.410(2) is not on that list. We turn, then to whether ORS 471.410(2) "clearly indicates" the legislature's intent to "dispense with any culpable mental state requirement for the offense."

Determining whether a statute "clearly indicates" the legislature's intent to dispense with a culpable mental state is itself a matter of statutory construction, requiring an examination of the relevant statutory wording in context, *State v. Andrews*, 174 Or App 354, 365, 27 P3d 137 (2001), and legislative history and other aids to construction, if necessary, *State v. Miller*, 309 Or 362, 788 P2d 974 (1990). The Supreme Court's opinion in *Miller* is especially instructive in that regard. In *Miller*, the court addressed the question whether the statute defining the offense of driving under the influence of intoxicants, ORS 813.010, requires proof of a culpable mental state. The court concluded that it does not. The court observed that the bare wording of the statute did not mention the issue, but it nevertheless determined that the legislature's intentions were sufficiently clear for two reasons. First, the court noted that the legislature had expressly prescribed a culpable mental state elsewhere in related traffic offense statutes enacted at the same time, giving rise to the inference that the omission in the particular provision at issue was intentional. 309 Or at 370-71. Second, the court noted that, when the legislature enacted the provision at issue, it did so against a backdrop of judicial opinions construing earlier versions of the provision to require no proof of a culpable mental state; the court concluded that, if the legislature had intended to depart from that prior construction, it would have said so. *Id.* Justice Gillette concurred separately, in fact, to emphasize the importance of the second of the two points. *Id.* at 371.

The statute at issue in this case, ORS 471.410(2), provides that

"No one other than the person's parent or guardian shall sell, give or otherwise make available any alcoholic liquor to a person under the age of 21 years. A person violates this subsection who sells, gives or otherwise makes available alcoholic liquor to a person with the knowledge that the person to whom the liquor is made available will violate this subsection."

The first sentence of ORS 471.410(2), which creates the offense that defendant was convicted of violating, says nothing about a culpable mental state. The second sentence, however, does; it specifically requires proof of "knowledge" that the person to whom alcohol is given will, in turn, pass it on to someone in violation of the law. That the legislature explicitly required proof of a culpable mental state for those who indirectly furnish alcohol to a minor strongly suggests that the omission of a *mens rea* component in the context of directly furnishing alcohol to a minor was not unintentional. *See Miller*, 309 Or at 370-71.

What the bare wording of the statute suggests is confirmed by an examination of the history of the wording of the statute and the judicial construction of that wording. The issue, in fact, has been a recurring one over the years and has been addressed by the courts in a number of cases.

The offense now codified at ORS 471.410(2) dates back at least to 1887 and is codified in Hill's Annotated Laws section 1913, which provided that "[i]f any person shall sell, give, or cause to be sold or given, any intoxicating liquor to any minor in this state, * * * such person shall be deemed guilty of a misdemeanor." In *State v. Gulley*, 41 Or 318, 321, 70 P 385 (1902), the Supreme Court determined that the statute required no proof of a culpable mental state. The defendant was charged with selling intoxicating liquor to a minor, in violation of the statute. The defendant asserted a defense of honest belief that the person to whom he had sold the liquor was not a minor. And, in fact, the jury found that he held that honest belief. The trial court nevertheless entered the conviction. On appeal, the Supreme Court upheld the conviction, explaining that guilty knowledge on the part of the accused was not required and that the statute imposed strict liability. *Id.*

Twelve years later, in *State v. Brown*, 73 Or 325, 144 P 444 (1914), the Supreme Court reaffirmed its holding in *Gulley* and again held that the statute defined a strict liability offense.

In 1933, the year of prohibition's repeal, the Oregon legislature adopted the Oregon Liquor Control Act, which made it unlawful

"[f]or any person to sell alcoholic liquor to any person under the age of 21 years, * * * or for any person other than a parent, guardian, or other responsible relative to give any alcoholic liquor to any person under the age of 21 * * *."

Or Laws 1933, ch 17, § 33 (Second Spec Sess). That law became codified as section 24-137 of the Oregon Compiled Laws Annotated.

Whether the 1933 version of the law imposed strict liability for the sale of liquor to a person under 21 years of age was answered by the Supreme Court in *State v. Raper*, 174 Or 252, 149 P2d 165 (1944). In that case, the defendant was convicted of selling alcohol to an 18-year-old. The defendant appealed, assigning error to the court's refusal to give an instruction to the effect that the jury must find from the evidence that the defendant "knew or should have known" that the person was under 21 years of age. Citing its construction of the predecessor statute in *Gulley* and *Brown*, the Supreme Court upheld the defendant's conviction, finding that section 24-137, like its predecessors, was a strict liability statute:

"It must be presumed that the legislature, in enacting the law here under consideration, was familiar with the construction which this court had, in [*Gulley* and *Brown*], given a similarly worded statute, and therefore intended a like construction to be given the language hereinabove quoted from § 24-137, O. C. L. A.* * *."

*Id.* at 255.

The legislature amended section 24-137 in 1945, but the amendments did not pertain to the wording that the court had construed in *Raper*. Then, in 1953, the legislature repealed all existing statutes and enacted the Oregon Revised Statutes. Or Laws 1953, ch 3. At that time, section 24-137 was repealed and reenacted as ORS 471.410, which

included slight changes in the wording, but was otherwise substantively identical to its predecessor:

"No person shall sell alcoholic liquor to any person under the age of 21 years, to a person who is visibly intoxicated or to a person who has been interdicted. No person other than a parent, guardian, or other responsible relative, shall give any alcoholic liquor to a person under the age of 21 years. No person shall give any alcoholic liquor to a person visibly intoxicated or to a person under an order of interdiction."

ORS 174.550 makes clear that the general repeal and reenactment of statutes in 1953 did not result in any substantive changes to the law. The statutes reenacted in 1953 "are considered as substituted in a continuing way for the provisions of the prior statute laws." *See also Hughes v. State of Oregon*, 314 Or 1, 7 n 7, 838 P2d 1018 (1992) ("In the legislature's general repeal and reenactment of statutes in 1953, it did not intend to make any substantive changes in the law." (Emphasis omitted.)). Consequently, under *Raper*, ORS 471.410 continued to define a strict liability offense after it was enacted in 1953.

This court said as much, albeit in *dictum*, in *Plaid Pantries, Inc. v. OLCC*, 16 Or App 199, 517 P2d 1192 (1974). At issue in that case was whether the Oregon Liquor Control Commission had properly suspended a retail malt beverage license of a store because one of the store's employees had sold liquor to a minor. The store argued that ORS 471.315(1)(a) authorized the commission to suspend a license only if the licensee knowingly sold liquor to a minor. The court agreed, explaining that, "while 'knowledge' is not an essential element in proving a criminal violation under ORS 471.410 (*State v. Raper*, 174 Or 252, 149 P2d 165 (1944)), the other section, ORS 471.315(1)(g), does require proof of knowledge before the license can be suspended." *Plaid Pantries, Inc.*, 16 Or App at 203.

Although, in the years since 1953, the statute has been amended several times in respects that are not relevant here, the main text that is applicable to this case is materially the same as it was when ORS 471.410 was first enacted.

In particular, none of the intervening amendments suggests that the legislature intended to add an element of *mens rea.*

In short, as in *Miller,* we conclude in this case that both the phrasing of ORS 471.410 and its context—including a long history of case law construing the statute and its predecessors to state a strict liability offense—"clearly indicate" the legislature's intention that ORS 471.410(2) describes a strict liability offense.

Defendant insists that *Raper, Gulley,* and *Brown* are factually distinguishable because they involved the *sale* of alcohol to a person under 21, while this case involves merely "giv[ing] and mak[ing] available" alcohol to minors. Thus, if we understand the argument correctly, defendant asserts that, although the law requires no proof of a culpable mental state when a person sells liquor to minor, it does require a culpable mental state when a person gives liquor to a minor.

We do not find that argument persuasive. The text of ORS 471.410, like the text of its predecessor, OCLA section 24-137, provides no discernible basis for making a distinction between the culpable mental state required for selling alcohol to those under 21 versus the culpable mental state required for giving it, or making it available to, those under 21. Nor is there any discussion in the prior cases that we have mentioned suggesting that their conclusions about the absence of a *mens rea* requirement in any way depended on the fact that the defendants had sold—as opposed to merely given—liquor to minors. We reject the argument without further discussion.

Defendant advances other arguments and assignments of error, all of which we reject without discussion.

Affirmed.