Argued March 28, affirmed April 16, 1973

HOWARD ET UX, *Petitioners, v.* OREGON LIQUOR
CONTROL COMMISSION, *Respondent.*

508 P2d 819

*R. W. Kitson,* Portland, argued the cause for peti-

tioners. With him on the brief were Rader & Kitson, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This is a proceeding for judicial review of a final order of the Oregon Liquor Control Commission (OLCC) brought under the provisions of our Administrative Procedures Act. ORS ch 183. The challenged order denied petitioners' application for a Class C retail malt beverage license (RMBC) for a tavern. ORS 471.265 (3). Pursuant to ORS 183.470 the order contains findings of fact and conclusions of law.

The findings of fact essentially were that James Howard had operated the tavern from July 1970 to October 1970 and since that time the tavern has had two additional sets of owners who had been unable to make a success of the business, and that therefore there was insufficient need for the tavern in the area. As a conclusion of law the OLCC found ORS 471.295 (1)[1] authorized the denial of a license application on the grounds that there are sufficient licensed premises

---

[1] ORS 471.295 provides:

"The commission may refuse to license any applicant if it has reasonable ground to believe any of the following to be true:

"(1) That there are sufficient licensed premises in the locality set out in the application, or that the granting of a license in the locality set out in the application is not demanded by public interest or convenience.

"* * * * *."

in the locality and that the granting of the license is not demanded by public interest or convenience; therefore the application was denied.

The scope of our review is defined by statute.
"* * * The * * * [Court of Appeals] shall reverse or remand the order only if it finds:
"* * * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *
"* * * * * *." ORS 183.480 (7) (d).

*Hickam v. Morgan,* 9 Or App 25, 495 P2d 1243 (1972); *Balduyck v. Morgan,* 9 Or App 363, 497 P2d 377 (1972).

■ The evidence in the record supports the findings made in the order because it shows that the tavern's business declined from approximate gross monthly sales in June-July 1970 of $2,900 to $1,570 in January-March 1971 to zero some time in January 1972 when the tavern was closed. In turn the OLCC's conclusion of ultimate fact that there is insufficient need for such a license follows from the fact that the previous licensee closed the tavern for lack of business. Since the evidence does support the order we need go no further. The order should be affirmed.

The petitioners base their argument for reversal on two points. (1) This application should be considered as a renewal and as such should not be denied. (2) The OLCC's conclusion that there is insufficient need for the license in the area is arbitrary because the record shows that the number of establishments with similar privileges in the area has been increased since 1970.

■ As to the first point, the license which petitioner James Howard previously held was an RMBA; the

license he applied for here was an RMBC. Since the RMBC entitles the licensee to greater privileges, the present application must be considered as a new application and not as a renewal. *Morse v. Liquor Control Commission,* 319 Mich 52, 29 NW2d 316 (1947); *Kester's Appeal,* 140 Pa Super 293, 14 A2d 184 (1940). In addition ORS 471.301 (1) states:

"A license granted by the Liquor Control Act shall:

"* * * * *

"(c) Be renewable in the manner provided in ORS 471.290, except for a cause which would be grounds for refusal to issue such license under ORS 471.295 * * *.

"* * * * * *."

Thus, petitioner's argument that his application is entitled to preferential treatment as a renewal, citing two Pennsylvania cases, *Charles D. Kaier Co. v. Doran,* 42 F2d 923 (DC Pa 1930), and *Lorincz's License,* 37 Pa D&C 322 (1939), would fail because of the express language of the above statute.

Petitioner's argument on the second point is basically that the OLCC should not be allowed to deny him a license on the grounds that there is insufficient need for a license when the record indicates that the number of licensed establishments in the area has been increased. He contends the OLCC took away his business by creating more competition and is now taking away his license because he has no business.

■ The record does not show that the business of this tavern declined because of the increase of licensed outlets in the area. What the record does show is that the decline of this tavern's business occurred at a time when the number of establishments in the area was

increasing. While a causal connection between the two may exist, this record is silent on this point.

In rejecting this argument in a similar case, our Supreme Court stated:

> "* * * Of course, the status of such other premises as to suitability for licensing may have been entirely different from that of petitioner's premises, and, there being no showing to the contrary, we must assume that the other license was properly issued * * *." *Olds v. Kirkpatrick et al.,* 183 Or 105, 111, 191 P2d 641 (1948).

While the holding of the court above was based on a finding that the commission had no duty to issue a license, it is illustrative on the question of whether the commission has the power to issue a license to one establishment while denying that of a nearby applicant on the grounds it would not be "demanded by public interest or convenience." Here our review is limited to the question of whether the evidence in the record is a sufficient basis for the challenged order. The facts in this record are silent on the question urged on us by petitioners. We need not decide whether if they did exist they would compel a reversal of the OLCC's order.

Affirmed.