Argued August 23, reversed October 8, 1973

STARVIEW, INC., *Petitioner, v.* OREGON LIQUOR
CONTROL COMMISSION, *Respondent.*

514 P2d 898

*George A. Haslett, Jr.,* Portland, argued the cause

for petitioner. With him on the brief was Marshall L. Amiton, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FORT and THORNTON, Judges.

LANGTRY, P.J.

This is an appeal by Starview, Inc. from a cancellation of its Dispenser Class B license by the Oregon Liquor Control Commission. The petitioner was charged with a violation of ORS 472.180 (5) which states:

"The commission may cancel or suspend any license granted if it finds:

"(5) That the licensee maintains a noisy, lewd, disorderly or insanitary establishment * * *."

The evidence produced before the Oregon Liquor Control Commission hearing officer was that two undercover agents for the commission had, on one occasion, observed dancing by one dancer in which the dancer was doing "bumps and grinds" while wearing pieces of tape over the nipples of her breasts and a G-string which did not entirely cover the hair of her pubic area; that once while standing and once while lying on her side she pulled down her G-string with her thumbs and exposed her crotch for a few seconds at a time; and that at no time were her genitalia visible to the audience. The manager of the petitioner's establishment had prevented similar "performances" in the

past and there was no evidence of prior citations or warnings by the Oregon Liquor Control Commission.

On the basis of the facts recited, the hearing officer concluded that "the charge was barely sustained under probable mitigating circumstances" and recommended that the licensee be issued a letter of warning. The commission, however, in an order signed by two of its members, but not its chairman, canceled petitioner's license.

Several assignments of error have been raised by Starview; but inasmuch as the point concerning the sufficiency of the evidence needed to prove "maintaining" a lewd or disorderly establishment is determinative of the case, that is all we need discuss now.

■ Our review of the order of the OLCC is governed by ORS 183.480 (7) which states:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure * * *

"* * * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record; or

"* * * * * *"

*See also, Bay v. State Board of Education,* 233 Or 601, 605, 378 P2d 558, 96 ALR2d 529 (1963), where the Supreme Court said it may go no further than to determine, inter alia, that the agency committed no error of law. Wide discretion is vested in the Oregon Liquor Control Commission to determine whether a license should be revoked. *Perry v. Oregon Liquor Commission,* 180 Or 495, 177 P2d 406 (1947). However,

exercise of that discretion does not obviate the necessity of complying with applicable rules of law.

We have found no Oregon case that defines the term "maintain" as it is used in ORS 472.180 (5) nor does the legislative history of the Liquor Control Act provide any guidance. However, almost without exception, when the word has appeared in similar statutes in other jurisdictions courts have found:

> "* * * To constitute the offense of 'maintaining' there must be some purpose of continuity in the use of the place for the proscribed illegal conduct * * *.
>
> "* * * * * *
>
> "* * * [T]he rule is clear that evidence of a single, isolated instance * * * standing alone, without any other corroborating circumstances of which the defendant is shown to have any knowledge, is not legally sufficient to prove that he was 'maintaining' the place * * * for the purpose * * *." *People v. Holland,* 158 Cal App 2d 583, 588-89, 322 P2d 983 (1958).

*Accord, People v. Roeschlaub,* 21 Cal App 3d 874, 98 Cal Rptr 888 (1971); *Wood v. City of Atlanta,* 93 Ga App 578, 92 SE2d 263 (1956); *Smith v. State,* 200 Ind 411, 164 NE 268 (1928); *Gavin v. State,* 199 Ind 38, 154 NE 872 (1927); *Keeth v. State,* 193 Ind 549, 139 NE 589 (1923). *Cf. Ward v. State,* 9 Md App 583, 267 A2d 255 (1970); II Wharton, Criminal Law and Procedure 585, 586-87, § 762 (Anderson 1957).

■■ If there is evidence of other circumstances in addition to an isolated act that supports an inference of continuity, the requirements of a statute prohibiting the "maintaining" of a proscribed establishment may be met. *Webb v. United States,* 14 F2d 574, 576, 49 ALR 612 (8th Cir 1926); *People v. Clay,* 273 Cal App

2d 279, 78 Cal Rptr 56 (1969). The testimony of petitioner's manager concerning the prevention of similar acts cannot support such an inference; rather, it supports an inference that the management was at the least actively trying to prevent continuous violations.

We conclude as a matter of law that the facts found by the commission did not sustain a conclusion that the petitioner "maintained" a lewd or disorderly establishment. As construed by this court, ORS 472.180 (5) requires a continuity of proscribed conduct. Since the evidence demonstrated only one isolated instance, a charge of "maintaining" a lewd or disorderly establishment cannot be sustained.

Reversed.