Argued August 23, reversed October 8, 1973

NEPTUNE'S RESTAURANT, INC., *Petitioner, v.*
OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*
514 P2d 900

*John R. Sidman,* Portland, argued the cause and filed the briefs for petitioner.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FORT and THORNTON, Judges.

LANGTRY, P.J.

Petitioner seeks judicial review of the findings of fact, conclusions of law and order of the Oregon Liquor Control Commission (referred to as OLCC) dated March 28, 1973 revoking petitioner's Dispenser Class B license. The activity forming the basis for the action of OLCC arose out of an undercover inspection by two OLCC agents on February 10, 1973. Upon entering the petitioner's premises on that date, the inspectors observed a dancer on the petitioner's stage with her hands extended onto a patron's shoulders; the patron had his hands on the dancer's hips. Later that same evening, the inspectors observed the same dancer start another stage performance while wearing tape over her nipples and a very low G-string. In the course of this "performance," the dancer came up to the table at which the inspectors were sitting, removed the glasses of one inspector and put them inside her G-string with the earpieces pointed out. The dancer then put her hands on the back of the inspector's head and pulled him towards her so that the top of his head touched her stomach. The inspector then removed the glasses with his hands. The inspector subsequently issued a notice of violation for these activities.

On the basis of the facts presented, supra, and the whole record, the OLCC, two of its members sitting, made the following conclusions of law and order:

"Neptune's Restaurant, Inc., through its employees, for whose acts it is held responsible pur-

suant to OAR Chapter 845 10–075,[①] maintained a lewd or disorderly establishment, in violation of ORS 472.180 (5).[②]

"Wherefore, it is considered and ordered:
"That the Dispenser Class B license of Neptune's Restaurant, Inc., be cancelled; * * *
"* * * * *."

In *Starview, Inc. v. OLCC*, 15 Or App 11, 514 P2d 898 (1973), we held that a charge of "maintaining" a lewd establishment could not be proved by evidence of one violation standing alone. We said that there must be evidence of other circumstances that could support an inference of continuity of the proscribed conduct in order to prove a charge of "maintaining." No such evidence of continuity has been shown here.

Mr. Olson, owner of Neptune's, testified during the hearing before the OLCC hearing examiner that he "was cited by the city prior to this" in answer to a question whether the Portland Vice Squad had "talked" to him about the conduct of his operation. He further stated that since that citation he had been particularly careful to avoid other violations. The manager of the premises also testified to the same discussions with

---

① "Each licensee shall be held responsible for any violation of any regulation of the Commission pertaining to his licensed premises and for any act or omission of any servant, agent, employee, or representative of such licensee in violation of any law, municipal ordinance or regulation affecting his license privileges." Oregon Administrative Rules, ch 845, § 10-075 (OAR 845-10-075).

② "The commission may cancel or suspend any license granted if it finds:

"(5) That the licensee maintains a noisy, lewd, disorderly or insanitary establishment or has been supplying impure or otherwise deleterious beverages or food." ORS 472.180 (5).

the vice squad about what the dancers could or could not do during their performances.

This testimony was the only evidence even remotely relating to prior (or subsequent) conduct. There was no evidence what the citation was for; there was only evidence of talks about what was allowed and prohibited—none about what had happened. We find that this evidence is too indefinite to support an inference of continuity. For this reason we must reverse the revocation of petitioner's license.[3]

Reversed.

---

[3] Since we are relying on a determination that petitioner did not "maintain" a lewd or disorderly establishment, we need not reach the question of whether the acts of the dancer were "lewd" or "disorderly." *See* Palm Gardens, Inc. v. OLCC, 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974).