Argued November 28, 1973, remanded as to Market No. 70,
affirmed as to Market No. 28 January 21, 1974

PLAID PANTRIES, INC., *Petitioner, v.*
OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*
(Plaid Pantry Market No. 70)

PLAID PANTRIES, INC., *Petitioner, v.*
OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*
(Plaid Pantry Market No. 28)

517 P2d 1192

Ted E. Runstein, Portland, argued the cause for petitioner. With him on the brief were Clifford B. Alterman, Paul R. Romain, and Kell, Alterman, Runstein & Thomas, Portland.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This is a petition for judicial review of two final orders of the Oregon Liquor Control Commission (Commission) which suspended for 20 days the Package Store Class B retail malt beverage licenses issued to each of two grocery stores owned and operated by petitioner. The first case involved an alleged sale of beer to a minor at Market No. 70; the second a sale of

wine to a minor at Market No. 28. At petitioner's request the two cases were consolidated for purposes of this review.

Although the suspensions imposed have both been fully executed we previously denied a motion to dismiss as moot because of petitioner's contention that the penalties would have an adverse effect on the overall record of petitioner.

## Market No. 70

A "Notice of Violation" was served upon petitioner charging he had sold liquor (beer) to a minor in violation of ORS 471.410, and had failed to take a "S-146" proof-of-age form as required by ORS 471.130 (1).

The findings of fact of the Commission essentially were that the store clerk sold a case of beer to a minor, age 19; that the clerk failed to require the minor to make a written statement of his true age, though there was reasonable doubt that he had reached the age of 21 years. As a conclusion of law the Commission concluded that petitioner had "sold alcoholic liquor to a minor and failed to require a written statement of age, in violation of ORS 471.410 and ORS 471.130," and ordered a 20-day suspension. Exceptions to the findings of fact, conclusions of law and order were filed by petitioner and were rejected by the Commission.

Petitioner bases its argument for reversal on a single point: The Commission failed to find that the employe of petitioner "knowingly" sold liquor to the minor. The thrust of petitioner's argument is as follows:

ORS 471.315, which enumerates the various grounds

for cancellation or suspension of licenses, requires that before such action may be taken the Commission must find that the sale was "knowingly" made to a person under 21 years of age; that Oregon Administrative Rules, ch 845, § 10-520,① require that all final orders of the Commission must be accompanied by findings of fact; and that inasmuch as the Commission failed to so find the suspension order must be reversed.

The Commission answers this argument by pointing first to ORS 471.410 (1), which makes it a misdemeanor to

"* * * sell alcoholic liquor to any person under the age of 21 years * * *,"

and second to ORS 471.315 (1)(a), which provides that the Commission may suspend "if it finds or has reasonable ground to believe" that the licensee or any of its principal officers

"* * * has violated any provision of this chapter [ORS ch 471] or any regulation of the commission adopted pursuant thereto."

The Commission also relies on ORS 183.480 (7)(a), which provides:

"* * * [An] error in procedure shall not be cause for reversal or remand unless the court shall

---

① Oregon Administrative Rules, ch 845, § 10-520, enacted pursuant to the requirements of ORS ch 183, provide:

"Every order adverse to a party to the proceeding rendered by the Commission in a case provided for in section 10-485 or 10-490, shall be in writing or stated in the record, may be accompanied by an opinion, and a final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the Commission's order. The order shall state the rulings made on the admissibility of offered evidence if such rulings are not already in the record."

find that substantial rights of the petitioner were prejudiced thereby * * *."

It is readily apparent that we are confronted with a problem of harmonizing two different sections of the Liquor Control Act, both providing a penalty for selling alcoholic liquor to minors. The sale of liquor to a minor in violation of ORS 471.410 is a misdemeanor. ORS 471.990. ORS 471.315 (1)(g), on the other hand, provides that a licensee who "knowingly" sells liquor to a minor may suffer suspension or cancellation of his license. Thus while "knowledge" is not an essential element in proving a criminal violation under ORS 471.410 (*State v. Raper,* 174 Or 252, 149 P2d 165 (1944)), the other section, ORS 471.315 (1)(g), does require proof of knowledge before the license can be suspended.

ORS 471.410 and 471.315 are part of the same Act and "must be construed together, giving effect to * * * each provision thereof, if possible." *Haas v. Myers,* 10 Or App 495, 500, 500 P2d 1068 (1972).

■ Applying the above rule we conclude from a study of the two foregoing statutes that before petitioner's license can be suspended for selling liquor to a minor the Commission must make a finding that the sale involved was made with knowledge that the prospective purchaser was under 21 years of age, or that there was "reasonable ground to believe" the same. ORS 471.315 (1)(g). Inasmuch as no such finding was made, the Commission's action on this ground was in error.

In view of the specific requirement of ORS 471.-315 (1)(g) that the proof must establish that the prohibited sale was made with knowledge, we cannot accept the Commission's argument that the legislature intended that this express requirement could be circumvented or eliminated by utilizing the language of ORS

471.315 (1) (a), quoted above. Nor can we agree with the Commission's further argument that the absence of a specific finding by the Commission that the challenged sale was knowingly made can be treated as a mere procedural error, rendered harmless under ORS 183.480 (7) (a).

This does not, however, end our consideration of the case.

An examination of the record shows that petitioner was also charged with an additional and separate violation, namely, that the store clerk had failed to require a written statement of age from the young customer as required by ORS 471.130.[2]

---

[2] ORS 471.130 provides:

"(1) All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of his having reached 21 years of age, shall require such person to produce his identification card issued under ORS 471.140. However, if the person has no identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of his true age and identity.

"(2) The written statement of age shall be on a form furnished or approved by the commission, including but not limited to the following information:

"_____

Date_____

I am 21 years of age or over.

_____

Signature

Evidence in support of age and identity:
Driver's License    No. _____  (                    )
                                          State
Military Record    No. _____
Other                  _____
                       _____

(Fill in license or card number of any two or more of above.)

_____"

The evidence in the record supports this provision of the findings in the order because it shows that there was a "reasonable doubt of * * * [the young customer] having reached 21 years of age," and petitioner's store clerk did not require the under-age customer to sign a proof-of-age form as required by ORS 471.130.

ORS 471.315 (1)(a) provides that the Commission may suspend "if it finds or has reasonable ground to believe" that the licensee

"* * * has violated any provision of this chapter [ORS 471] or any regulation of the commission adopted pursuant thereto."

Unlike the previous point involving the knowledge requirement in ORS 471.315 (1)(g), there is no requirement that the Commission must prove knowledge under either ORS 471.130 or ORS 471.315 (1)(a).

Petitioner makes no contention that its store clerk required the under-age customer to sign a proof-of-age form as required by ORS 471.130.

■ We conclude that the portion of the finding and order of the Commission which states that petitioner's store clerk failed to require the under-age customer to sign a proof-of-age form as required by ORS 471.130 is supported by reliable, probative and substantial evidence. ORS 183.480 (7)(d); *Howard v. Ore. Liquor Cont. Comm.*, 13 Or App 83, 508 P2d 819 (1973).

As in *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 38, 514 P2d 888 (1973), Sup Ct *review denied* (1974), although a finding of failure to require the under-age customer to sign a proof-of-age form as required by ORS 471.130 is sufficient under ORS 471.315 (1) (a) to support the instant suspension, we are remanding

to the Commission for a determination whether this sanction is desired by the Commission in the light of our reversal of the finding that petitioner knowingly sold beer to the minor.

Remanded.

## Market No. 28

The "Notice of Violation" involved in this alleged violation was identical with that in the previous case except as to date and location. The findings of fact of the Commission essentially were that the store clerk sold two bottles of wine to a young girl, age 13; that the clerk failed to require the girl to make a written statement of her true age, though there was reasonable doubt that she and her young male companions had reached the age of 21 years. As a conclusion of law the Commission concluded that petitioner had "sold alcoholic liquor to a minor and failed to require a written statement of age, in violation of ORS 471.410 and ORS 471.130," and ordered a 20-day suspension. Exceptions to the findings of fact, conclusions of law and order were filed by petitioner and were rejected by the Commission.

Petitioner challenges the above action on the sole ground that "the record * * * cannot support a finding that petitioner's employee sold liquor to minors." Petitioner "denies a sale was made but concedes that, if made, it must have been made knowingly." Thus, unlike the companion case, we are not involved here with the issue of the necessity of a specific finding by the Commission that petitioner's employe "knowingly" sold the wine to this minor.

The scope of our review is defined by ORS 183.480 (7) (d), which provides:

"* * * The * * * [Court of Appeals] shall reverse or remand the order only if it finds:

"* * * * *

"(d) * * * the order is not supported by reliable, probative and substantial evidence in the whole record * * *."

■ The evidence in the record supports the finding that petitioner's store clerk sold the wine to the young girl. Her account of the transaction was corroborated by the four other youths. Three of them testified that they saw the girl buy the wine from the sales clerk, and that he did not question her age. The fourth youth testified that he did not see the sale because he was standing by the door but he did testify that they went to the store to buy wine; that he gave the girl $1 to help buy it; that when they left the store the young girl was carrying the sack.

The fact that the testimony of the individuals involved in the alleged sale may have been conflicting in some of the details would not preclude finding that the charge was established by substantial evidence. *Casciato v. Oregon Liquor Control Com.*, 181 Or 707, 185 P2d 246 (1947).

Affirmed.