Argued November 18, 1974, affirmed January 20, 1975

# HAVILAND HOTELS INC. (No. 3582), *Petitioner,*
## *v.* OREGON LIQUOR CONTROL COMMISSION,
### *Respondent.*

530 P2d 1261

*Paul W. Haviland,* Medford, argued the cause for

petitioner. On the brief was Maxwell Donnelly, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Petitioner seeks judicial review of an order of the Oregon Liquor Control Commission (OLCC) suspending its license for failing to provide regular meals during the usual hours when such meals are regularly served, in violation of Oregon Administrative Rules, ch 845, § 10-185 (2).

OAR 845-10-185 (2) provides:

"Commercial establishments, while open for business, must provide regular meals during the usual hours when such meals are regularly served. They shall also, as a minimum, provide short orders or other cooked foods at all other times when alcoholic liquors are served."

Petitioner makes two assignments of error: (1) there is no evidence to support the conclusion that the statute was violated; and (2) the regulation in question is unconstitutionally vague.

The essential facts are as follows:

Petitioner is a licensee of the OLCC, and maintains in the Park Haviland Hotel a cocktail lounge called the "Casbah Lounge." On February 13, 1974, at approximately 7 p.m., two inspectors for the OLCC entered

the Casbah Lounge and ordered something to eat. The waitress told the inspectors that the only thing available was a "Stewart Sandwich."[1] When one of the inspectors asked if she could have "anything like a steak or a dinner," the waitress told her that she would have to go to a cafe to get such an order. Shortly thereafter a citation was issued for the alleged violation of OAR 845-10-185 (2).

■ Petitioner's first assignment, namely, that there is no evidence to support the conclusion that the statute was violated, is without merit. Having examined the entire record we conclude that the finding by the OLCC that petitioner did not on the date and time in issue "provide regular meals" as required by the regulation set forth in the margin is supported by the requisite amount of evidence. ORS 183.480 (7)(d).

We now take up petitioner's second assignment, viz., that the subject regulation is void for vagueness.

OAR 845-10-185 was before our Supreme Court in *Van Ripper v. Liquor Cont. Com.*, 228 Or 581, 365 P2d 109 (1961). The portion of the regulation involved in *Van Ripper* required that a commercial establishment licensed to sell liquor by the glass where food is served must have gross receipts from sale of food amounting

---

[1] The assistant manager of petitioner described the "Stewart Sandwich" as follows:

"Well, let's see the best way to describe those things. We try to devise a product that we could present to the customer for reasonable cost and there would be no way that we could duplicate anything like the Stewart Sandwich presented to us. It's a large steak sandwich for a product price of $1, that can't be duplicated in a small limited kitchen.

"Something like this would have to be put out on a production line. We've got that type of sandwich and steaks and Paul Bunyons and Torpedoes and a pretty full-line menu from their sandwich service."

to not less than 25 per cent of the gross receipts from both food and liquor.

In an exhaustive opinion the court traced the history of the food service requirement from its source (Art I, § 39, Oregon Constitution) through its statutory references (ORS 472.110 (3) and 472.010 (3)), to the regulation adopted by the OLCC. (The regulation was then designated as "Regulation 17." The current OAR 845-10-185 is substantially identical with former "Regulation 17.") The court concluded that the OLCC had authority to adopt "Regulation 17," including the 25 per cent requirement, and upheld the cancellation of the license of a night club owner whose gross receipts from the sale of food amounted to only two per cent of the gross receipts from the sale of both food and alcoholic liquor in his establishment.

In speaking of the term "where food is cooked and served" in Art I, § 39, Oregon Constitution, the court said:

> "* * * Clearly the voters, in making that amendment to our Constitution, had in mind restaurants and other eating places that were bona fide in character. It would be unreasonable to infer that any voter, in taking such an important step as amending our Constitution and inserting in it the term 'where food is cooked and served,' thought that a place which was nothing but a sham or a pretense would meet the Constitution's requirement. Hardly any collection of words has such a clear grassroots connotation as 'where food is cooked and served.' * * * The words * * * constitute a main feature of the constitutional amendment and if they fail to denote an eating place that does a substantial business the important duty which the constitutional amendment expected of them will be lost. It seems manifest that * * * the voters

thought of eating establishments as contrasted to saloons. The latter were establishments where the sale of alcoholic beverages was the principal or possibly the sole pursuit. We think that the people * * * had in mind places in which the cooking and serving of food was an important feature of the business. * * *" 228 Or at 592-93.

■■ We hold that the OLCC is not obliged to establish by regulation menus or meal components to be required of its licensees. A similar contention was raised in *Sun Ray Dairy v. OLCC,* 16 Or App 63, 74, 517 P2d 289 (1973). This court, in discussing whether the OLCC must spell out the quantities and types of foods that a grocery store must stock in order to qualify for a Class B Package Store license said this:

"* * * [T]he commission need not and, indeed, probably should not specify the precise volume of frozen creamed peas, beef stew, weiners, chili, pork and beans or oats which the store must stock to qualify. * * *"

"Regular meals," like the phrase "where food is cooked and served," has "a clear, grassroots connotation." *Van Ripper v. Liquor Cont. Com.,* supra at 592. We conclude that the subject regulation is not void for vagueness. *See generally, Klein v. Real Est. Comm. Holbrook,* 19 Or App 646, 528 P2d 1355 (1974), and authorities discussed therein.

Affirmed.