Argued November 18, 1974, reversed January 20, 1975

# HAVILAND HOTELS INC. (No. 3580), *Petitioner,*
# *v.* OREGON LIQUOR CONTROL COMMISSION,
## *Respondent.*

530 P2d 1257

*Paul W. Haviland,* Medford, argued the cause for petitioner. On the brief was Maxwell Donnelly, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY, and THORNTON, Judges.

THORNTON, J.

Petitioner seeks judicial review of an order of the Oregon Liquor Control Commission (OLCC) suspending its license for 30 days for failing to provide "regular meals during the usual hours when such meals are regularly served," in violation of Oregon Administrative Rules, ch 845, § 10-185 (2). Petitioner contends that the OLCC erred in concluding that the facts as found by the OLCC constitute a violation of OAR 845-10-185 (2) ; and furthermore, that the regulation is void for vagueness.

Petitioner is the operator of the Park Haviland Hotel which is licensed by the OLCC to serve liquor by the drink at two cocktail lounges located in its hotel, the "Interlude" and "Casbah Lounge." On January 14, 1974, an OLCC inspector went to the hotel to investigate reports that petitioner's restaurant was closed and that meals were no longer available where alcoholic liquor was being served. He arrived at the hotel at approximately noon. After seeing that the restaurant was closed, the inspector went into the Interlude and ordered a beer and breakfast—sausage, eggs, hash brown potatoes, toast and coffee. After some time the waitress informed the inspector that sausage was not available. He agreed to the substitution of ham and went into the Casbah Lounge where the food was being prepared.

After the inspector arrived in the Casbah Lounge he observed the waitress take the order "out of a radar or microwave oven." At the hearing into the matter the inspector described the meal that was placed before him as:

"What was served to me on that day was a small amount of potatoes, which were white, or I assume they were cooked, because I saw them come out of the radar oven and they were warm. However, they were not what you would call hash browns as they were not browned.

"There was one slice of ham or what appeared to be ham; it was a small shriveled slice, similar to that that you would find possibly in a Stewart Sandwich.

"And two slices of bread cut into quarters and placed around the plate."

The eggs were not included with the order because, as the waitress explained, they could not be prepared in a radar oven. The inspector, without tasting the food, which he further described at the hearing as looking unpalatable, identified himself to the waitress and told her that he did not consider the order as sufficient and that he was seizing the meal as evidence.

Petitioner contends that the findings of fact will not support the conclusion that the regulation was violated, and that OAR 845-10-185 (2) is unconstitutionally vague in that it fails to inform the petitioner and others similarly situated as to what standards must be met in order to conform to the law.

OAR 845-10-185 (2) provides:

"Commercial establishments, while open for business, must provide regular meals during the usual hours when such meals are regularly served. They shall also, as a minimum, provide short orders

or other cooked foods at all other times when alcoholic liquors are served."

The test we apply when reviewing this administrative proceeding is found in ORS 183.480 (7). ORS 183.480 (7)(a) provides in part:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance * * *."

It is our conclusion that the OLCC's order is "unlawful in substance" in that it is based on an insufficient finding of fact. The sole finding of fact on which the order is based states:

"* * * On January 14, 1974 at about 12:45 p.m., Oregon Liquor Control Commission Inspector James Taylor observed that licensees' employee-barmaid * * * (Permittee) failed to provide regular meals during the usual hours when such meals are served, *as he was served an unpalatable breakfast cooked in a radar oven * * *.*" (Emphasis supplied.)

We can find nothing in OAR 845-10-185 or in the applicable statutes which requires that the meals served by licensees must be palatable,[1] or which prohibits the preparation of meals in a radar or microwave oven. Additionally, the fact that petitioner served one meal which appeared unpalatable to an OLCC's inspector is not sufficient to prove that petitioner violated OAR 845-10-185 on the date in question.

For this reason we hold that the OLCC's order is unlawful in substance and must therefore be reversed.

---

[1] "Palatable" is defined as:

"Agreeable to the palate or taste; savory; hence, acceptable; pleasing * * *." Webster's New International Dictionary (2d ed 1957).

*See generally, Bay v. State Board of Education,* 233 Or 601, 605, 378 P2d 558 (1963), and *Phillips v. State Bd. of Higher Ed.,* 7 Or App 588, 593, 490 P2d 1005 (1971), Sup Ct *review denied* (1972). In view of this action it is unnecessary for us to consider petitioner's second assignment, viz., that the regulation is void for vagueness.[2]

Reversed.

SCHWAB, C. J., specially concurring

I concur in the majority opinion except that I wish to note that I believe that "palatability" is relevant to the extent that if the evidence had shown that food offered for sale by the petitioner was generally unpalatable, such a finding would have constituted a violation of the pertinent statute and regulation.

---

[2] This issue is resolved in a companion case, Haviland Hotels v. OLCC, 20 Or App 115, 530 P2d 1261 (1975).