110

Argued November 18, 1974, remanded with instructions
January 20, 1975

HAVILAND HOTELS INC. (No. 3581), *Petitioner,*
*v.* OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

530 P2d 1259

*Paul W. Haviland,* Medford, argued the cause for petitioner. On the brief was Maxwell Donnelly, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Petitioner, Haviland Hotels, Inc., seeks judicial review of an order of the Oregon Liquor Control Commission (OLCC) suspending its liquor license for 30 days for an alleged violation of ORS 472.110, for failing to cook or prepare food on the licensed premises.

Petitioner contends that the OLCC erred in suspending its license because the statutory authority relied upon, ORS 472.110(1), relates only to the requisite conditions for granting a license and does not include statutory authority for the OLCC to revoke or

suspend licenses for failing to maintain the basic licensing requirements.

A hearing was held concerning the violation, and the OLCC after reviewing the entire record of the hearing entered findings of fact, conclusions of law and final order. In its findings of fact the OLCC found that an employe of the petitioner failed to cook and prepare food on the licensed premises, in that an OLCC inspector ordered breakfast in the licensee's premises but the food was brought onto the premises from across the street.

In its conclusions of law the OLCC found:

"That licensees' employee, for whose acts they are held responsible pursuant to OAR Chapter 845 10-075, violated the license privileges by failing to cook or prepare food on the licensed premises, in violation of ORS 472.110."

The only issue raised by petitioner on this appeal is that the OLCC's order is void because it is based solely on the alleged violation by petitioner of ORS 472.110, and makes no reference either to ORS 472.180 or OAR 845-10-185 (2).

ORS 472.110 provides that the OLCC may issue a Class B dispenser's license only to establishments "where food is cooked and served."

ORS 472.180 spells out the various grounds on which the OLCC may suspend or revoke licenses previously issued, including:

"(1) That the licensee, or any of its principal officers, has violated any provision of this chapter or any regulation of the commission adopted pursuant thereto.

"* * * * *."

OAR 845-10-185 (2) provides:

> "Commercial establishments, while open for business, must provide regular meals during the usual hours when such meals are regularly served. They shall also, as a minimum, provide short orders or other cooked foods at all other times when alcoholic liquors are served."

OAR 845-10-185 (2) is the administrative regulation which is declaratory of the requirement in ORS 472.110 that all Class B licensees must provide regular meals at their establishments. It is of course true that it is the statute (ORS 472.110), rather than the regulation, that is the source of the OLCC's authority. Nevertheless we conclude that both the notice of violation served on petitioner and the order should have included a reference to OAR 845-10-185.

■ First, as to the failure of the OLCC to refer to OAR 845-10-185 in the notice, as required by ORS 183.415(2)(c), petitioner failed to object to the content of the notice "at or prior to the commencement of the hearing." Consequently this defect was waived. ORS 183.480 (7) (a).[1]

■ Second, as to the failure of the OLCC to include a reference to OAR 845-10-185(2) in its final order, we conclude that this omission was more than an error in procedure and for this reason requires that this proceeding be remanded. ORS 183.480 (7)(a).

---

[1] ORS 183.480 (7)(a) provides:

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby and defects in the content of the notice required by ORS 183.415 not asserted at or prior to the commencement of the hearing before the agency shall not be cause for reversal or remand * * *."

■ Lastly, we conclude that the failure of the OLCC to refer to ORS 472.180 in its final order would not invalidate that order, inasmuch as the order did cite ORS 472.110 and recited that petitioner had violated ORS 472.110. *See, Klein v. Real Est. Comm. Holbrook,* 19 Or App 646, 528 P2d 1355 (1974). *See also, Campbell v. Bd. of Medical Exam.,* 16 Or App 381, 518 P2d 1042, Sup Ct *review denied* (1974) ; *The Grog House v. OLCC,* 12 Or App 426, 507 P2d 419 (1973).

Remanded for entry of an amended order which cites the pertinent regulation.

SCHWAB, C. J., specially concurring.

Assuming that the OLCC should have cited the pertinent regulation in its order of suspension, I would nevertheless have affirmed under the provisions of ORS 183.480 (7)(a) because the reason for the suspension is clear and the petitioner could have suffered no possible prejudice.

However, since all that the majority opinion requires is that the OLCC perform the purely clerical exercise of issuing an amended order citing the regulation, no useful purpose would be served by a dissent.