Argued January 18, affirmed February 28, reconsideration denied
March 16, petition for review denied April 26, 1977

# TAYLOR'S COFFEE SHOP, INC.,
## *Petitioner,*
### *v.*
# OREGON LIQUOR CONTROL COMMISSION,
## *Respondent.*
### (CA 6927)
560 P2d 693

Terence J. Hammons, Eugene, argued the cause for petitioner. With him on the brief were Hammons, Phillips & Jensen, Eugene.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner, holder of a retail malt beverage license, seeks judicial review of an order of the Oregon Liquor Control Commission (OLCC) suspending its license for seven days for permitting insanitary conditions on its premises in violation of Oregon Administrative Rules, ch 845, § 10-275.[1]

The issues presented by this appeal are (1) whether suspension of the license under OAR 845-10-275 is within the Commission's statutory authority, (2) whether the notice of hearing and the Commission's final order must state the statutory authority under which the Commission proceeded, (3) whether the findings of fact must be correlated to the conditions charged in the notice, (4) whether OAR 845-10-275 is void for vagueness, and (5) whether the licensee and the service permittee must receive the same sanction.

On December 17, 1975, an OLCC inspector, accompanied by a county health inspector, visited petitioner's premises, and observed numerous conditions they denominated as insanitary.

A subsequent license suspension proceeding was initiated by a Notice of Hearing from the OLCC noting an inspection had been made and that should the Commission determine, after hearing, the charges are sustained by the evidence the Commission may suspend or cancel the license. The notice continued;

"The violations charged against you are as follows:

"Violation of OAR Chapter 845 10-275 in that, on December 17, 1975, at the approximate time of 2:00 p.m., your employee, for whose acts you are held responsible

---

[1] "(1) The interior and exterior of all licensed premises shall be kept clean and free of litter or rubbish, painted, and in good repair.

"(2) Parking areas maintained or controlled by licensees shall be kept clean and well lighted.

"(3) No licensee shall permit or suffer any insanitary conditions in or about the licensed premises and every licensee shall be held strictly accountable for the sanitary conditions and appearance of the licensed premises." OAR 845-10-275.

pursuant to OAR Chapter 845 10-075, permitted insanitary conditions in or upon the licensed premises, to-wit: * * *."

There followed approximately 27 specific allegations of conditions in the establishment charged as being insanitary. The licensee, Taylor's Coffee Shop, Inc. and the service permittee, Jon LaBranch, received essentially the same notice. The hearings were consolidated.

Prior to the hearing petitioner filed several motions for dismissal of the proceedings. The record does not disclose the Commission's disposition of these motions; however, since the proceedings continued to a final order we will treat the motions as having been denied.

Following the hearing before a hearings examiner, the Commission issued a proposed order containing proposed findings of fact and conclusions of law based on a review of the hearings examiner's findings and recommendations. The permittee and licensee filed exceptions to the proposed order. Following consideration of the exceptions the Commission issued its final order which included findings of fact, ultimate findings of fact and conclusions of law and ordered the retail license be suspended for seven days and that the charge against permittee, Jon LaBranch, be dismissed.

■ The first issue raised by petitioner is that the regulation under which the Commission proceeded exceeds its statutory authority. ORS 471.315(1)(d)[2] authorizes cancellation or suspension of a license for "maintaining" an insanitary establishment. Petitioner argues that this statute limits the Commission's authority to suspend a licensee for insanitary conditions

---

[2]

"The Commission may cancel or suspend any license if it finds or has reasonable ground to believe any of the following to be true:

"(1) That the licensee:

"* * * * *

"(d) Maintains a noisy, lewd, disorderly or insanitary establishment, or has been supplying impure or otherwise deleterious beverages or food." ORS 471.315(1)(d).

to those instances where such conditions are being "maintained." From this, petitioner concludes, the regulation which prohibits "permitting" insanitary conditions includes conduct not covered by the statute and thus exceeds the Commission's statutory authority.

We have defined the term "maintaining" in ORS 471.315 (1)(d) to require more than an isolated instance and have said "* * * there must be evidence of other circumstances that could support an inference of continuity of the proscribed conduct * * *." *Neptune's Restaurant v. OLCC,* 15 Or App 16, 18, 514 P2d 900 (1973). *See also Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974); *Starview, Inc. v. OLCC,* 15 Or App 11, 514 P2d 898 (1973). Since the Notice of Hearing did not charge the petitioner with "maintaining" an insanitary establishment we do not need to decide if the evidence meets that standard. The issue is whether the Commission is prohibited by the statute from enacting a regulation prohibiting a licensee from "permitting" insanitary conditions to exist. We are admonished by the legislature in ORS 471.030 that:

"(1) The Liquor Control Act shall be liberally construed so as:
"* * * * *

"(c) To protect the safety, welfare, health, peace and morals of the people of the state.
"* * * * *."

The Commission is given extensive power to promulgate rules and regulations to carry out the purposes of the Oregon Liquor Act. ORS 472.060(2)(d). *See also Van Ripper v. Liquor Cont. Com.,* 228 Or 581, 365 P2d 109 (1961). In *Van Ripper* the Supreme Court said:

"Obviously the commission, in writing rules and enforcing them, can not undertake anything contrary to the statute itself. But it can fill in interstices in the legislation (*Gouge v. David,* supra) and thereby aid the

statute to accomplish its purposes. The legislature, in drafting an act, can not always foresee the developments that will occur when an agency created by its proceeds to administer the act. Such was the juncture of events that occurred in the case now before us. Since the legislators can not peer far into the future they may confer upon an agency to which they entrust the administration of the act enacted by them power to write the needed rules when a crises threatens that is within the purview of the act." 228 Or at 591-92.

The regulation here in issue fills in the interstices of the Act and is reasonably designed to effectuate the purposes of the Act. The health of the people of Oregon, as patrons of a licensed premises, is endangered as much by insanitary conditions isolated in time, as by conditions which continue sufficient to be considered as being maintained. We do not interpret legislative intent reflected in ORS 471.315 (1)(d) to foreclose the Commission from prohibiting, by regulation, isolated insanitary conditions. It is reasonably related to protection of public health that they be prohibited. The Commission being allowed to prohibit insanitary conditions by regulation, it is permissible to enforce these regulations by sanctions including suspension of the license as provided in ORS 471.315(1)(a).

The term "permitting" in the regulation implies a requirement that the licensee have knowledge of the conditions which lead to a suspension, either direct or imputed through knowledge on the part of an employee. In this case the type and extent of the insanitary conditions support a conclusion the requisite knowledge was established. For example the Commission found there was rust on a kitchen can opener, mold under a sink, dried food particles on a wall, standing water in a basement storage area and dried residue of beer around beer kegs. These conditions by their very nature are more than mere transitory conditions and would be evident to employees working in the establishment.

This case is distinguishable from our decision in *Plaid Pantries, Inc. v. OLCC,* 16 Or App 199, 517 P2d 1192 (1974), cited by petitioner. There we were determining which of two sections of the Liquor Control Act applying inconsistent criterion would apply to allow suspension of a license. One section of the Liquor Control Act authorized the OLCC to suspend a license of a licensee who "knowingly" sold liquor to a minor, while two other sections read together allowed suspension if the licensee committed the misdemeanor of selling liquor to a minor, a violation where knowledge was not an element. We held there was a conflict between the two license suspension provisions and only one could be applied.

Here there is no conflict. In matters of public health, administrative agencies must be given some flexibility in achieving regulatory objectives. The prohibition of "permitting" insanitary conditions is a reasonable means of achieving the statutory objective of protecting public health and precluding maintenance of an insanitary establishment. The regulation enacted was within the authority of the Commission and a proper basis of license suspension pursuant to ORS 471.315(1)(a).

In the second assignment of error petitioner contends the Notice of Hearing was not sufficient. Specifically petitioner argues since the notice did not contain a reference to any statutory authority, as required by ORS 183.415(2)(b), the proceeding should be dismissed. The notice, a portion of which is quoted earlier in this opinion, stated the alleged conditions were in violation of OAR 845-10-275 and recited in detail the conditions upon which the contemplated suspension would be based. ORS 471.315(1)(a) allows suspension of a license for violation of an OLCC regulation.

If the notice was deficient in the failure to recite a particular statutory section the petitioner was not prejudiced by the omission. The substantive provisions being applied in the license suspension hearing were

contained in the regulations cited in the notice. Additionally, the notice recited in detail the particulars of the charge of permitting insanitary conditions.

The specific charges related to insanitary conditions in the establishment. The only statutory provision other than ORS 471.315(1)(a) authorizing suspension for such conditions would be the section regarding "maintaining" an insanitary establishment (ORS 471.315(1)(d)). During the hearing petitioner objected to any evidence of previous insanitary conditions on the ground "maintaining" was not alleged. The objection was sustained by the hearings examiner. Consequently, petitioner was not misled into supposing it must defend a charge of "maintaining." Petitioner's due process rights to a fair hearing were not violated by the omission from the Notice of Hearing of a statutory reference.

■ Petitioner's third assignment of error asserts the regulation under which the Commission proceeded (OAR 845-10-275) was void for vagueness. Specifically, petitioner points to the phrases "insanitary conditions" and "sanitary conditions and appearance" as not specific enough to inform persons of common understanding what is prohibited. "Sanitary" and "insanitary" have a common and quite precise connotation when applied to an eating establishment. It gives men of common understanding adequate notice of what the regulation proscribes. *See State v. Darlene House & James House,* 260 Or 138, 489 P2d 381 (1971); *Haviland Hotels v. OLCC,* 20 Or App 115, 530 P2d 1261 (1975).

■ The fourth assignment of error asserts the order is insufficient because the findings of fact are not "referenced to the specific charges or regulations involved and which were broader than the original charges." The sole charge made in the Notice of Hearing was a violation of OAR 845-10-275 by permitting insanitary conditions on the licensed premises; the 27 specified conditions were not separate charges. In reviewing the

findings of fact they will be deemed sufficient if supported by substantial evidence. No challenge is made to the sufficiency of the evidence to support the findings of fact and conclusions of law. Neither the findings of fact nor the ultimate findings of fact represent a departure from the charge or the specifications underlying the charge.

The fifth assignment of error alleges the Commission was without authority to suspend the petitioner's license. This raises the same issue discussed in our disposition of the first assignment of error wherein we held the Commission had such authority.

■ Petitioner alleges in the sixth assignment of error, dismissal of the charge against permittee LaBranch was inconsistent with sustaining the charge against petitioner, since the findings of fact apply to both and the conclusions of law are identical. Following issuance of the proposed findings of fact, the Commission considered petitioner's exceptions. Petitioner LaBranch had excepted to the order suspending his permit on the ground he was not present on the premises during the time of the alleged violations. The hearings examiner in his report to the Commission recommended the charge against LaBranch be dismissed on that basis. Although not stated in the final order, there was a rational basis for different treatment. The Commission had authority to suspend the license of Taylor's Coffee Shop and it being conceded there was substantial evidence to support the findings petitioner cannot complain simply because LaBranch received more favorable treatment by the Commission.

■ In assignment of error number seven, petitioner contends the Commission erred in failing to rule on the prehearing motions. As indicated earlier in this opinion, since the hearing proceeded following the motions to dismiss, we treat them as having been denied. Petitioner raises in this appeal essentially the same grounds urged in the motions filed with the

Commission. At most the lack of written rulings on the motions is a procedural defect with no prejudice to petitioner. (ORS 183.482(8)(a)).

■ The final assignment of error contends the final order of the Commission is void because it failed to state the authority upon which it was based. This argument raises again the issue presented in the first and second assignments of error relating to the Commission's authority and disclosures of that authority in the Notice of Hearing. The final order stated the conditions found to exist were in violation of OAR 845-10-275. The failure to cite ORS 471.315(1)(a) as the source of the authority to suspend a license for violation of the recited regulation does not invalidate the order. *Haviland Hotels v. OLCC,* 20 Or App 110, 530 P2d 1259 (1975).

Affirmed.